UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MICHAEL MAZURE,

                Plaintiff,

     v.

REMINGTON ARMS COMPANY, INC.;
REMINGTON OUTDOOR COMPANY, INC.;
VISTA OUTDOOR, INC.; ROUNDHILL
GROUP; BERETTA U.S.A. CORP.; SAKO,
LTD.; GANDER MOUNTAIN, INC.; GANDER
OUTDOORS, INC.; GANDER RV; DICKS
SPORTING GOODS, INC.; JOHN DOES 1-10;
JANE DOES 1-10; ABC CORPS 1-10

                Defendants.

Case No.:  2:22-cv-2854

---

**DEFENDANT VISTA OUTDOOR INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

REED SMITH LLP
John C. Scalzo
599 Lexington Avenue
New York, NY  10022
Telephone: +1 212 521 5400
Facsimile:  +1 212 521 5450

*Counsel for Defendant Vista Outdoor, Inc.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................... 1

FACTUAL BACKGROUND..................................................................................... 2

    A.    The Remington Bankruptcy, The Bankruptcy Sale, and the Sale Order ............... 2

    B.    Plaintiff's Factual Allegations and Procedural History. ......................................... 5

LEGAL STANDARD................................................................................................. 6

ARGUMENT ............................................................................................................. 7

I.    BY VIRTUE OF THE BANKRUPTCY SALE ORDER, PLAINTIFF CANNOT STATE A VIABLE CLAIM AGAINST VISTA, AND THE COMPLAINT MUST BE DISMISSED. ........................................................................................................... 7

    A.    Vista Purchased the Acquired Assets Free and Clear of Plaintiff's Claims. .......... 7

    B.    The Court Must Dismiss Vista from This Action. ................................................. 10

II.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER VISTA. ................................................... 12

    A.    The 12(b)(2) Jurisdictional Standard. ................................................................. 12

    B.    Vista Is Not Subject To General Personal Jurisdiction In New Jersey Because It Is Not "Essentially At Home" Here. ......................................................................... 13

    C.    Vista Is Not Subject To Specific Personal Jurisdiction Because Mazure's Claim Does Not Arise From Or Relate To Vista's Contacts With New Jersey. ............. 15

III.    PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH RULE 8(A), AND IS SUBJECT TO DISMISSAL ON THIS ADDITIONAL GROUND................................ 17

CONCLUSION........................................................................................................... 19

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................6

*Benitez v. JMC Recycling Sys., Ltd.*,
    97 F. Supp. 3d 576 (D.N.J. 2015) .....................................................................12

*BNSF Railway Co. v. Tyrrell*,
    137 S. Ct. 1549 (2017) ......................................................................................14

*Boswell v. Cable Servs. Co.*,
    2017 U.S. Dist. LEXIS 100708 (D.N.J. June 28, 2017) ...................................14

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*,
    137 S. Ct. 1773 (2017) ............................................................................12, 13, 15

*Calder v. Jones*,
    465 U.S. 783 (1984) ..........................................................................................17

*Chavez v. Dole Food Co.*,
    836 F.3d 205 (3d Cir. 2016) ..............................................................................14

*Croat v. Mission Fine Wines, Inc.*,
    No. 19-17786 (FLW), 2020 U.S. Dist. LEXIS 70145 (D.N.J. Apr. 21, 2021) ........................16

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ..........................................................................................14

*Display Works, LLC v. Bartley*,
    182 F. Supp. 3d 166 ..........................................................................................14

*FastShip, LLC v. Lockheed Martin Corp.*,
    No. 1:17-cv-2919 (NLH/KMW),2018 U.S. Dist. LEXIS 113575 (D.N.J. June
    25, 2018) ............................................................................................................7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011) ..........................................................................................13

*Isaacs v. Ariz. Bd. of Regents*,
    608 Fed. Appx. 70 (3d Cir. 2015) .....................................................................16

*Japhet v. Francis E. Parker Mem'l Home, Inc.*,
    No. 2:14-cv-238-TLN-DAD PS, 2014 U.S. Dist. LEXIS 105134 (D.N.J. July
    31, 2014) ............................................................................................................18

*Kearney v. Bayerische Motoren Werke Aktiengesellschaft*,
  Civil Action No. 17-13544, 2021 U.S. Dist. LEXIS 62356 (D.N.J. Mar. 31,
  2021) ................................................................................................................................16

*Korotki v. Levenson*,
  Civil Action No. 20-11050 (NLH), 2021 U.S. Dist. LEXIS 121289 (D.N.J.
  June 28, 2021) ...................................................................................................................6

*Kubin v. Orange Lake Country Club, Inc.*,
  Civil Action No.: 10-1643 (FLW), 2010 U.S. Dist. LEXIS 107860 (D.N.J.
  Oct. 8, 2010) ...................................................................................................................14

*Lee-Peckham v. Runa, LLC*,
  No. CIV.A. 14-6635 JLL, 2015 WL 150120 (D.N.J. Jan. 12, 2015)....................................17

*McCourt v. A.O. Smith Water Prods. Co.*,
  Civil Action No. 14-221, 2015 U.S. Dist. LEXIS 110111 (D.N.J. Aug 20.,
  2015) ................................................................................................................................14

*Metcalfe v. Renaissance Marine, Inc.*,
  566 F.3d 324 (3d Cir. 2009).............................................................................................12

*Metro. Grp. Prop. & Cas. Ins. Co. v. Electrolux Home Prods.*,
  Case No. 17-cv-11865 (PGS)(DEA), 2018 U.S. Dist. LEXIS 88950 (D.N.J.
  May 29, 2018) ...........................................................................................................13, 14

*Mills v. Ethicon, Inc.*,
  406 F. Supp. 3d 363 (D.N.J. 2019) ..................................................................................18

*Molla v. Adamar of N.J., Inc.*,
  Civil Action No. 11-6470, 2014 U.S. Dist. LEXIS 69564 (D.N.J. May 20,
  2014) ............................................................................................................................9, 10

*MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.*,
  65 F. App'x 844 (3d Cir. 2003) .......................................................................................12

*N.V.E. Inc. v. Cosmetic Indus. & Trade Corp.*,
  No. 09-3412, 2010 WL 1381482 (D.N.J. Apr. 5, 2010)..............................................15, 17

*In re Nazi Era Cases Against German Defendants Litig.*,
  320 F. Supp. 2d 204 (D.N.J. 2004), *aff'd*, 153 F. App'x 819 (3d Cir. 2005)....................12

*Northstar Marine, Inc. v. R & A Marine, LLC*,
  No. 12–04438, 2013 WL 3873232 (D.N.J. Jul. 25, 2013)....................................................12

*O'Grady v. FCA US LLC*,
  Case No. 16-cv-9145 (KMW), 2017 U.S. Dist. LEXIS 64747 (S.D.N.Y. Apr.
  27, 2017) ..........................................................................................................................11

*In re Remington Outdoor Company, Inc.*, et al.
Case No. 20-81688-CRJ11 (Bankr. N.D. Ala.) ..........................................................2

*Ribustello v. Wilson Sporting Goods Co.*,
No. 12-02326, 2013 WL 140096 (D.N.J. Jan. 10, 2013)..........................................12

*Rosario v. Mt. Top Mkt.*,
No. 21-13749 (KM) (JBC), 2022 U.S. Dist. LEXIS 68592 (D.N.J. Apr. 13,
2022) ........................................................................................................................15, 17

*Shaw v. Hous. Auth. of Camden*,
No. 11-4291 (RMB/AMD), 2012 U.S. Dist. LEXIS 112694, 2012 WL
3283402 (D.N.J. Aug. 10, 2012)...............................................................................18

*Sheeran v. Blyth Shipholding S.A.*,
No. 14-5482 (JBS/AMD), 2015 U.S. Dist. LEXIS 168019 (D.N.J. Dec. 16,
2015) ...........................................................................................................................18

*Tevis v. Tevis*,
79 N.J. 422 (1979) ........................................................................................................8

*Thomas & Betts Corp. v. Myers Power Prods.*,
Civil Action No. 05-3464 (MLC), 2006 U.S. Dist. LEXIS 107051 (D.N.J. Jan.
2, 2006) .........................................................................................................................9

*In re Trans World Airlines, Inc. ("TWA")*,
322 F.3d 283 (3d Cir. 2003)...................................................................................9, 10

*Walden v. Fiore*,
571 U.S. 277 (2014)......................................................................................13, 15, 16

*Wile v. Green Tree Servicing, LLC*
Civil Action No. 04-2866, 2004 U.S. Dist. LEXIS 23709 (E.D. Pa. Nov. 18,
2004) ...........................................................................................................................11

*Williams v. Ying Zhou*,
No. 2:14-CV-5544-KM-MAH, 2018 WL 648354 (D.N.J. Jan. 30, 2018) ...............12

*Witasick v. Minn. Mut. Life Ins. Co.*,
Civil Action No. 12-3474, 2013 U.S. Dist. LEXIS 41208 (D.N.J. Mar. 25,
2013) .............................................................................................................................6

**Statutes**

Bankruptcy Code § 363 ...................................................................................................2

Bankruptcy Code § 363(b)..............................................................................................8

Bankruptcy Code § 363(f) ................................................................................................8, 9, 10

**Rules**

Fed. R. Civ. P. 4 ................................................................................................................12

Fed. R. Civ. P. 8 ................................................................................................1, 17, 18, 19

Fed. R. Civ. P. 12(b)(2).................................................................................................1, 12

Fed. R. Civ. P. 12(b)(6).................................................................................................1, 6

N.J. Ct. R. 4:4-4(c)................................................................................................................13

Defendant Vista Outdoor, Inc. ("Vista"), by and through its attorneys, Reed Smith LLP, and pursuant to Rules 12(b)(2), 12(b)(6), and Rule 8 of the Federal Rules of Civil Procedure, respectfully submits this memorandum of law in support of its Motion to Dismiss Plaintiff Michael Mazure's Complaint (the "Motion").

## PRELIMINARY STATEMENT

Plaintiff has asserted two product liability claims against Vista for injuries he allegedly sustained while using a brand of Remington ammunition nearly a full year *before* Vista purchased out of bankruptcy certain Remington assets (including the brand at issue in this case), free and clear of successor liability.[1]  Hoping to avoid unnecessary litigation, Vista sent a letter to Plaintiff's counsel seeking the voluntary dismissal of Vista from the case on the grounds that his client's claims are unambiguously barred by the order of the United States Bankruptcy Court for the Northern District of Alabama (the "Bankruptcy Court") approving Vista's bankruptcy purchase. Three follow-up e-mails and three phone messages later, Plaintiff's counsel has not given Vista even the courtesy of a response.  No matter, because the Bankruptcy Court's sale order plainly requires dismissal of Plaintiff's lawsuit, voluntarily or not.

Although the Court need not go further, Plaintiff's claims against Vista also must be dismissed for the additional reasons that Vista is not subject to personal jurisdiction in this state, and the Complaint fails to satisfy even the minimum pleading standard of Rule 8.  With respect to personal jurisdiction, Vista is not subject to general jurisdiction in New Jersey because Plaintiff does not (and cannot) allege that  Vista's state of incorporation or its principal place of business is in New Jersey.  Nor is Vista subject to specific jurisdiction because Plaintiff does not (and cannot)

---

[1] A true and correct copy of the Bankruptcy Court's order approving the sale of these assets to Vista is attached to the Certification of John C. Scalzo, Esq.  as **Exhibit 1.**  That order also includes a copy of the Asset Purchase Agreement governing the terms of the sale as its first exhibit.

allege the required link between Vista's forum-related conduct and his claims. Indeed, establishing specific jurisdiction is impossible here given that Vista had no involvement with the Remington-branded ammunition at issue in the Complaint until nearly a full year after Plaintiff's alleged accident. Finally, Plaintiff's impermissible group pleading tactics, which fail to distinguish between the defendants and make specific allegations as to each, plainly violate Rule 8.

## FACTUAL BACKGROUND

### A.    The Remington Bankruptcy, The Bankruptcy Sale, and the Sale Order

Vista is the parent company of over three dozen brands that design, manufacture and market sporting and outdoor products. Defendant Remington Outdoor Company, Inc. and its affiliates were previously in the business of firearms and ammunitions manufacturing. On July 27, 2020, Remington Outdoor Company, Inc. and its affiliated debtors (collectively, the "Remington Debtors")[2] filed petitions for relief under the United States Code (the "Bankruptcy Code") in the Bankruptcy Court. *See In re Remington Outdoor Company, Inc.*, et al., Case No. 20-81688-CRJ11 (Bankr. N.D. Ala.) (the "Remington Bankruptcy Action").

During the Remington Bankruptcy Action, the Remington Debtors entered into in a number of asset sales pursuant to Section 363 of the Bankruptcy Code. Of relevance to this Motion and to this case, the Remington Debtors held an auction for certain of its assets, including equipment, intellectual property, and inventory related to its ammunitions business (the "Acquired Assets"), which Vista purchased pursuant to an Asset Purchase Agreement ("APA") dated September 25, 2020 (the "Bankruptcy Sale"). Among the assets that Vista purchased in the APA

---

[2] The Remington Debtors consist of Remington Outdoor Company, Inc. and its subsidiaries: FGI Holding Company, LLC; FGI Operating Company, LLC; Remington Arms Company, LLC; Barnes Bullets, LLC; TMRI, Inc.; RA Brands, L.L.C.; FGI Finance Inc.; Remington Arms Distribution Company, LLC; Huntsville Holdings LLC; 32E Productions, LLC; Great Outdoors Holdco, LLC; and Outdoor Services, LLC.

was the Core-Lokt brand of ammunition and inventory associated with that brand—the very ammunition at issue in Plaintiff's Complaint. *See* Scalzo Cert. Ex. 1, APA § 1.1(j), (p); *id.* at Schedule 1.1(j), p. 26; *see also* Compl. ¶ 2.

The APA, as most bankruptcy sale agreements, carefully defined both what Vista was acquiring and, equally importantly, what it was *not*. Vista and the Remington Debtors expressly agreed that "[Vista] shall acquire from [the Remington Debtors], all of [the Remington Debtors'] right, title and interest in and to the Acquired Assets *free and clear of all Liens, Claims and Interests*." Scalzo Cert. Ex. 1, APA § 1.1 (emphasis added). The term "Claims," by definition, encompassed "all Liabilities, rights . . . [or] causes of action, . . . in each case known or unknown . . . against the [Remington Debtors] . . . [or] the Business, or any of their operations or activities arising out of or relating to any matter." *Id*. art. 13. The APA also makes clear that Vista was not assuming and would not be obligated to "pay, perform or otherwise discharge or in any other way be liable or responsible for, any Liability whatsoever of [the Remington Debtors] or the Business, whether existing on the Closing Date or arising thereafter" other than certain limited liabilities that Vista expressly agreed to assume. *Id.* § 1.4. In a similar vein, the APA dictates that Vista is not and "shall not be deemed to" be a successor of the Remington Debtors, or to have any responsibility for Liabilities or obligations of the Remington Debtors based on successor or similar theories of liability. *Id.* § 6.10. This language *specifically precludes* Vista from being held responsible for the Remington Debtors' Liabilities "under any products liability law or doctrine." *Id*.

The Bankruptcy Court held a hearing on the Asset Sale on September 29, 2020, and entered an order approving the Asset Sale the next day. Remington Bankruptcy Action, ECF No. 904 (the

"Sale Order"), Scalzo Cert. Ex. 1. In approving the Asset Sale, the Bankruptcy Court made a

number of findings pertaining to the sale. Of note, the Bankruptcy Court found that:

> The transfer of the Acquired Assets to and the assumption of the Assumed Liabilities by [Vista], except as otherwise set forth in the Asset Purchase Agreement, does not, and will not, subject [Vista] to any liability whatsoever, with respect to the operation of the [Remington] Debtors' businesses prior to the closing of the Sale or by reason of such transfer under the laws of the United States, [or] any state. . . . [Vista] is not a mere continuation of the [Remington] Debtors or the [Remington] Debtors' estates, and [Vista] does not constitute a successor to the [Remington] Debtors or the [Remington] Debtors' estates. None of the Transactions, including, without limitation, the Sale or the assumption and assignment of the Assigned Contracts, is being undertaken for the purpose of escaping liability for any of the [Remington] Debtors' debts or hindering, delaying, or defrauding creditors under the Bankruptcy Code or for any other purpose that would give rise to statutory or common law fraudulent conveyance or fraudulent transfer claims.

Scalzo Cert. Ex. 1, Sale Order ¶ L. The Bankruptcy Court also found that:

> [Vista] would not have entered into the Asset Purchase Agreement and would not consummate the Sale Transaction, thus adversely affecting the [Remington] Debtors, their estates, and their creditors, if the Sale of the Acquired Assets to [Vista] . . . were not, pursuant to Bankruptcy Code Section 363(f), free and clear . . . of . . . all claims as defined in Bankruptcy Code Section 101(5), including all rights or causes of action (whether in law or in equity), proceedings . . . indemnities, rights of recovery . . . indemnity or contribution, obligations, demands . . . or liabilities relating to any act or omission of the Debtors or any other person prior to the Closing . . . , and interests of any kind or nature whatsoever (known or unknown, matured or unmatured, accrued, or contingent and regardless of whether currently exercisable), whether arising prior to or subsequent to the commencement of the above-captioned cases. . . .
>
> A sale of the Acquired Assets other than one free and clear of all Interests would yield substantially less value for the [Remington] Debtors' estates, with less certainty, than the Sale as contemplated. Therefore, the Sale contemplated by the Asset Purchase Agreement and approved herein free and clear of all Interests . . . is in the best interests of the [Remington] Debtors, their estates and creditors, and all other parties in interest.

*Id.* ¶ S.

Pursuant to these findings, the Bankruptcy Court approved the Bankruptcy Sale and further

ordered that, other than what was expressly assumed in the APA, Vista had no "successor,

- 4 -

transferee, derivative, or vicarious liabilities of any kind or character for any Interests," including legal claims, "whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, asserted or unasserted." *Id.* ¶ 20. *See also id.* ¶ 21 ("Vista has given substantial consideration under the Asset Purchase Agreement . . . for the releases of any potential claims of successor liability of [Vista] and which shall be deemed to have been given in favor of [Vista] by all holders of Interests and liabilities . . . in or against the [Remington] Debtors, or the Acquired Assets.").

In furtherance of the Bankruptcy Sale and Sale Order, the Bankruptcy Court enjoined any suits from going forward against Vista that attempted to assert the types of liability excluded under the APA and Sale Order. Specifically, the Bankruptcy Court ordered that, "[e]ffective upon the Closing, . . . all persons and entities are forever prohibited and enjoined from commencing or continuing in any matter any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding against [Vista] or its assets (including the Acquired Assets) with respect to any (a) Claim or Lien or (b) successor or transferee liability." *Id.* ¶ 22.

**B.    Plaintiff's Factual Allegations and Procedural History.**

In the Complaint, Plaintiff alleges that he was injured "[o]n or about November 2, 2019" when he was using Tikka T3 Lite firearm loaded with Remington Express Core-Lokt .270 Winchester caliber ammunition, which purportedly exploded without warning. Compl. ¶ 3. The Complaint asserts two product liability claims against ten named defendants, one for product defect and the other for breach of warranty. *Id.* at Count 1, Count 2. The Complaint does not make specific allegations with respect to each named defendant, but instead generally and conclusorily alleges that all of the defendants "designed, manufactured, produced, distributed, and/or placed into the stream of commerce" the "Tikka T3 Lite firearm, and/or Remington Express Core-Lokt .270 Winchester caliber ammunition" at issue. *See generally id*. The Complaint does

not contain jurisdictional allegations, but states that Vista has its principal place of business in Anoka, Minnesota, and that Vista and the other named and fictitious defendants are "corporations/business entities licensed to do business in New Jersey." *Id.* ¶ 3, Count I ¶ 1.

Plaintiff filed suit on October 29, 2021, but did not effectuate service until April 2022. *See* ECF 1-1. On May 16, 2022, Vista timely removed the case to this Court. *See generally* ECF 1. Shortly after filing this Motion, Vista intends to file a motion with the Bankruptcy Court seeking enforcement of the Sale Order and an injunction against Plaintiff pursuing his claims against Vista.

## LEGAL STANDARD

A complaint will survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure only if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). Where plaintiffs "are legally barred from asserting the claims against [d]efendants . . . , [a] motion to dismiss the [c]omplaint will be granted." *See Witasick v. Minn. Mut. Life Ins. Co.*, Civil Action No. 12-3474, 2013 U.S. Dist. LEXIS 41208, at *14 (D.N.J. Mar. 25, 2013). It is well established that, while motions to dismiss test the legal sufficiency of and are generally confined to the allegations in the complaint itself, this Court may take judicial notice of public filings in court cases, including bankruptcy proceedings, without converting a motion to dismiss into a motion for summary judgment. *Korotki v. Levenson*, Civil Action No. 20-11050 (NLH), 2021 U.S. Dist. LEXIS 121289, at *6-7 (D.N.J. June 28, 2021) ("[O]n a motion to dismiss this Court may consider matters of public record" including "the record from a previous court proceeding.").

## ARGUMENT

I.  **BY VIRTUE OF THE BANKRUPTCY SALE ORDER, PLAINTIFF CANNOT STATE A VIABLE CLAIM AGAINST VISTA, AND THE COMPLAINT MUST BE DISMISSED.**

### A.    Vista Purchased the Acquired Assets Free and Clear of Plaintiff's Claims.

Plaintiff's claims against Vista cannot proceed because they were extinguished and are precluded by the Bankruptcy Court's Sale Order.[3]  Though the details provided in the Complaint concerning Plaintiff's claims are spare, what is clear is that the claims arise from an alleged accident occurring on or about November 9, 2019, involving a "Tikka T3 Lite firearm, and /or Remington Express Core-Lokt .270 Winchester caliber ammunition."  Compl. ¶ 2.  The only connection Vista could possibly have to this accident and these claims is that it acquired the Core-Lokt brand from the Remington Debtors pursuant to the APA in September 2020, nearly a year after the alleged accident.  *See* Scalzo Cert. Ex. 1, APA § 1.1(j), (p); *id.* at Schedule 1.1(j), p. 26. Thus, Plaintiff's claims as against Vista can only be premised on the theory that Vista succeeded to liability arising from the Remington Debtors' allegedly faulty manufacturing of the Core-Lokt ammunition.

That theory cannot succeed, however, because Vista purchased the Acquired Assets, including the Core-Lokt brand, **free and clear** of liabilities arising from the acts or omissions of the Remington Debtors prior to the closing of the Asset Sale.  In the Remington Bankruptcy Action, the Bankruptcy Court broadly circumscribed Vista's successor liability pertaining to the

---

[3] As a preliminary matter, this Court may take judicial notice of the Sale Order.  *See, e.g., FastShip, LLC v. Lockheed Martin Corp.*, No. 1:17-cv-2919 (NLH/KMW), 2018 U.S. Dist. LEXIS 113575, at *14 (D.N.J. June 25, 2018) ("It is clear to this Court that it can take judicial notice of the Confirmed Plan and Motion to Reopen in the Bankruptcy Court, as well as the subsequent Bankruptcy Court Order, in considering the pending motions to dismiss. The Third Circuit has held that 'a prior judicial opinion constitutes a public record of which a court may take judicial notice.'") (citation omitted).

Acquired Assets, and precludes Vista from being held liable as a successor, transferee, or otherwise "for any Interests[4], including under any theory of successor or transferee liability . . . whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, asserted or unasserted." Scalzo Cert. Ex. 1, Sale Order ¶ 20. In fact, the Sale Order expressly shields Vista from liabilities concerning the Acquired Assets arising "under any products liability law, rule regulation or doctrine . . . or under any product warranty liability law or doctrine." *Id.* ¶ 20.

Plaintiff's claims are clearly included within the Sale Order's broad scope. The claims arise from state tort and products liability law, and while Plaintiff did not file his Complaint until after the closing of the Asset Sale, the claims themselves accrued at the time of the accident— nearly a year before the sale. *See Tevis v. Tevis*, 79 N.J. 422, 431 (1979) ("[A] cause of action in tort accrues at the time when a right first arises to institute and maintain an action against a wrongdoer."). Moreover, Vista agreed to assume only a limited number of liabilities under the APA, none of which encompass Plaintiff's claims such that they would be exempt from the injunctions in the Sale Order ¶ 20. *See generally* Scalzo Cert. Ex. 1, APA § 1.3.

The transfer of the Acquired Assets to Vista free and clear of third-party liabilities, including Plaintiff's yet-to-be-asserted claims, was well within the authority of the Remington Debtors and the Bankruptcy Court. Bankruptcy Code § 363(b) allows "the trustee, after notice and a hearing, [to] use, sell, or lease . . . property of the estate." And Bankruptcy Code § 363(f) authorizes such sales to be made "free and clear of any interest in such property of an entity other than the estate." The Third Circuit has held that the federal bankruptcy courts may extinguish a

---

[4] "Interests" was defined broadly to include "all claims . . . or liabilities relating to any act or omission of the [Remington] Debtors or any other person prior to" the closing of the Asset Sale. *Id.* ¶ S.

broad array of third-party interests in a debtor's property that is transferred pursuant to Section 363(f) of the Bankruptcy Code. Under the statute, "the term 'any interest' is intended to refer to obligations that are connected to, or arise from, the property being sold." *In re Trans World Airlines, Inc. ("TWA")*, 322 F.3d 283, 289 (3d Cir. 2003). Section 363(f) applies where "it is the assets of the debtor [that gives] rise to the claims." *Id.*

For example, in *Thomas & Betts Corp. v. Myers Power Prods.*, Civil Action No. 05-3464 (MLC), 2006 U.S. Dist. LEXIS 107051, at *17 (D.N.J. Jan. 2, 2006), the bankruptcy court below had ordered the sale of the debtor's property "free and clear" of successor liability, in language similar to the broadly worded Sale Order. When the buyer corporation was impleaded in litigation in New York state and federal court concerning the debtor's allegedly malfunctioning computer products, the buyer applied to the bankruptcy court for injunction from those proceedings. *Id.* at *3. The bankruptcy court "determined that the successor liability claims at issue in the New York actions were 'interests in property' pursuant to Section 363(f) of the Bankruptcy Code, and therefore Section 363(f) allows assets to be sold free and clear of such claims," and that the sale order "included the assets being sold free and clear of any successor claims based on product liability." *Id.* at 4 (internal citations omitted). In affirming the bankruptcy court's decision, the district court, citing *TWA*, noted that "the products/successor liability claims are tied to the property that was sold subject to the APA," as that property "gave rise to the claims that [the state court plaintiff] now asserts. *Id.* at *19-20. The district court concluded: "As interests in property, the Bankruptcy Court could authorize the sale of [debtor]'s assets free and clear of such products/successor liability claims." *Id.* at *20; *see also Molla v. Adamar of N.J., Inc.*, Civil Action No. 11-6470 (JBS/KMW), 2014 U.S. Dist. LEXIS 69564, at *13 (D.N.J. May 20, 2014) (citing

*TWA* to find that the bankruptcy court had authority to order the sale of debtor's property free and clear of personal injury claims).

Here, the link between Plaintiff's claims and the Acquired Assets is straightforward:  The Remington Debtors are alleged to have manufactured the product that Plaintiff alleges injured him. Plaintiff's claims against Vista can only arise from the subsequent transfer of the Acquired Assets to Vista, as Vista has no other connection to the Remington products that appear in the Complaint—Plaintiff alleges nothing to the contrary.[5]  Plaintiff's claims are a straightforward and impermissible attempt to hold Vista liable as a successor to the bankrupt Remington Debtors.

Further, Plaintiff's claims meet at least one of the conditions of Bankruptcy Code § 363(f). First, in failing to raise an objection to the Asset Sale, Plaintiff is deemed to have consented to the transfer of the Acquired Assets free and clear of the claims that had already accrued against the Remington Debtors.  The Sale Order makes this explicitly clear, stating that "holders of Interests . . . who did not object, or who withdrew their objections, to the Motion are, without limitation, deemed to have consented pursuant to Bankruptcy Code Section 363(f)(2)."  Scalzo Cert. Ex. 1, Sale Order § U.[6]  Likewise, Plaintiff's claims fall within the meaning of § 363(f)(5) because they "are reducible to, and can be satisfied by, monetary awards."  *TWA*, 322 F.3d at 291.

**B.    The Court Must Dismiss Vista from This Action.**

Having established that the Bankruptcy Court validly ordered the sale of the Acquired Assets to Vista free and clear of successor liability, including from Plaintiff's claims in this Action, the Court must dismiss Plaintiffs' claims as against Vista.  In an analogous case, *Molla,* 2014 U.S.

---

[5] Even in the absence of the Sale Order, Vista does not concede that Plaintiff's claims are viable against it, and reserves the right to dispute successor liability in later motion practice if necessary.

[6] Notice of the Asset Sale was published in the *New York Times*, and the Bankruptcy Court ruled that the notice provided "was sufficient and proper notice to any . . .  interested party, including those whose identities [were] unknown to the [Remington] Debtors."  *See* Scalzo Cert. Ex. 1, Sale Order ¶¶ C-D.

Dist. LEXIS, the district court dismissed plaintiffs' claims against Tropicana Corp. arising out of a slip-and-fall incident at a casino that Tropicana Corp. had purchased out of bankruptcy. As is the case here, the alleged accident occurred prior to the Section 363 sale to Tropicana Corp. The bankruptcy court issued an order, which, like the Sale Order, granted the sale of the casino "free and clear of all Encumbrances, claims and interests, except those explicitly and expressly assumed." *Id.* at \*5. The order further provided that "[e]xcept as expressly permitted or otherwise specifically provided . . ., all persons or entities holding Encumbrances, claims or interests of any kind or nature whatsoever against the Debtors hereby are forever barred, estopped, and permanently enjoined from asserting such party's Encumbrances, claims or interests against" Tropicana Corp. *Id.* Finding that the terms of the order "encompass[ed] plaintiff's claims," the district court dismissed Tropicana Corp. from the lawsuit. *See id.* at \*10; *see also O'Grady v. FCA US LLC*, Case No. 16-cv-9145 (KMW), 2017 U.S. Dist. LEXIS 64747, at \*4 (S.D.N.Y. Apr. 27, 2017) (dismissing punitive damages claim against defendant who purchased company in a Section 363 sale free and clear without express exception for punitive damages); *Wile v. Green Tree Servicing*, LLC, Civil Action No. 04-2866, 2004 U.S. Dist. LEXIS 23709, at \*10 (E.D. Pa. Nov. 18, 2004) (dismissing claims against defendant who had been assigned plaintiff's contract free and clear of existing liability in a Section 363 sale).

The logic and law underpinning these dismissals apply with equal force here. The Bankruptcy Court ordered that "all persons and entities are forever prohibited and enjoined from commencing . . . any action or other proceeding . . . against [Vista] . . . with respect to any (a) Claim or Lien or (b) successor or transferee liability." Scalzo Cert. Ex. 1, Sale Order ¶ 22. Plaintiff is bound by that order and is barred and enjoined from raising his claims in the Complaint against Vista. In light of the Sale Order, Plaintiff's claims cannot proceed.

## II.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER VISTA.

### A.  The 12(b)(2) Jurisdictional Standard.

Constitutional guarantees of due process place important limitations on the power of state and federal courts to exercise jurisdiction over foreign defendants. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017). On a motion to dismiss for lack of personal jurisdiction pursuant to Rule 26(b)(2) of the Fed. R. Civ. P., "[t]he burden of demonstrating facts that establish personal jurisdiction falls on the plaintiff." *Ribustello v. Wilson Sporting Goods Co.*, No. 12-02326, 2013 WL 140096, at *2 (D.N.J. Jan. 10, 2013) (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)). A plaintiff must come forward with evidence establishing a *prima facie* showing of jurisdiction. *See Benitez v. JMC Recycling Sys., Ltd.*, 97 F. Supp. 3d 576, 581 (D.N.J. 2015). This burden must be sustained through sworn affidavits or other competent evidence, and a defendant is permitted to furnish the court with affidavits rebutting plaintiff's claim without converting the Rule 12(c)(2) motion to one for summary judgment. *Northstar Marine, Inc. v. R & A Marine, LLC*, No. 12–04438 (RBK/KMW), 2013 WL 3873232, at *1 (D.N.J. Jul. 25, 2013); *see also In re Nazi Era Cases Against German Defendants Litig.*, 320 F. Supp. 2d 204, 227 (D.N.J. 2004), *aff'd*, 153 F. App'x 819 (3d Cir. 2005) ("The fact that a court is required to accept properly supported evidence by a plaintiff as true does not preclude a court from receiving and weighing affidavits from both parties.").

Jurisdiction must comport with the forum state's jurisdictional law and with federal due process requirements. *See MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.*, 65 F. App'x 844, 849 (3d Cir. 2003) (citing Fed. R. Civ. P. 4). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Williams v. Ying Zhou*, No. 2:14-CV-5544-KM-MAH, 2018 WL 648354, at *3 (D.N.J. Jan. 30,

2018) (internal quotation marks omitted) (citing N.J. Ct. R. 4:4-4(c)).    Accordingly, the two inquiries merge and need not be separately addressed.

A plaintiff must establish one of two types of personal jurisdiction: general or specific. General jurisdiction focuses on the forum where a defendant lives, or, in the case of a corporation, where it is fairly regarded as at home.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  A court with general jurisdiction may hear any claim against that defendant, even if the claim arose in a different state or a different country.  *Id.*  Specific jurisdiction, in contrast, focuses on the defendant's *suit-related* conduct.  *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1779-80.  If the suit does not arise out of or relate to the defendant's contacts with the forum (not simply with the plaintiff), the court lacks personal jurisdiction to adjudicate the claim.  *Id.*; *see also Walden v. Fiore*, 571 U.S. 277, 285 (2014).  Dismissal is required if personal jurisdiction is not properly pled and established.

**B.    Vista Is Not Subject To General Personal Jurisdiction In New Jersey Because It Is Not "Essentially At Home" Here.**

Vista is not subject to general personal jurisdiction in New Jersey because New Jersey is neither its state of incorporation nor its principal place of business.  General jurisdiction is "all purpose," and means that a defendant's corporate operations within the forum are of such an extensive nature as to render it essentially "at home" there, and therefore subject to suit in the forum on all causes of action regardless of where they arise.  Only by voluntarily entwining itself in such a manner with a particular forum can such sprawling consent to personal jurisdiction be implied.  As such, the United States Supreme Court has cautioned that corporations are typically "at home" only in the corporation's principal place of business and state of its incorporation. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *see also BNSF Railway Co. v. Tyrrell*, 137 S. Ct. 1549, 1552 (2017); *Metro. Grp. Prop. & Cas. Ins. Co. v. Electrolux Home Prods.*, Case No.

17-cv-11865 (PGS)(DEA), 2018 U.S. Dist. LEXIS 88950, at *4-5 (D.N.J. May 29, 2018).  As courts have noted, it is "incredibly difficult to establish general jurisdiction [over a corporation] in a forum other than the place of incorporation or principal place of business."  *Id.* (quoting *Chavez v. Dole Food Co.*, 836 F.3d 205, 224 (3d Cir. 2016)); *Daimler*, 571 U.S. at 138 n.19.

Turning to this case, it bears noting that Plaintiff's Complaint is utterly devoid of jurisdictional contentions aside from a threadbare allegation that Vista, along with the other named defendants, is a corporation/business entity "licensed to do business in the state of New Jersey." *See* Compl. ¶ 1.  This is not sufficient to establish general jurisdiction, as numerous courts have consistently and repeatedly recognized.  For example, *Metro. Grp. Prop. & Cas. Ins. Co.* recognized that "the New Jersey statutory scheme does not permit jurisdiction by consent by virtue of registration to do business here or actually doing business here" and observed that to hold otherwise "would be inconsistent with *Daimler*."  2018 U.S. Dist. LEXIS 88950, at *6 (citing *Display Works, LLC v. Bartley,* 182 F. Supp. 3d 166, 174-75 (D.N.J. 2016)); *see also Boswell v. Cable Servs. Co.*, Civil Action No. 16-4498, 2017 U.S. Dist. LEXIS 100708, at *14-15 (D.N.J. June 28, 2017) ("[T]he Court concludes that [defendant]'s registration to do business in New Jersey does not mean it consented to general jurisdiction in New Jersey.  Accordingly, the Court does not have general jurisdiction over [the defendant]."); *McCourt v. A.O. Smith Water Prods. Co.*, Civil Action No. 14-221, 2015 U.S. Dist. LEXIS 110111, at *15 (D.N.J. Aug 20., 2015) ("The single fact that Defendant registered to do business in New Jersey is insufficient to conclude that it "consented" to jurisdiction here."); *cf. Kubin v. Orange Lake Country Club, Inc.*, Civil Action No.: 10-1643 (FLW), 2010 U.S. Dist. LEXIS 107860, at *8 (D.N.J. Oct. 8, 2010) ("[M]ere solicitation of business within a state does not in itself constitute the level of "doing business" necessary to satisfy the requirements of personal jurisdiction.").

- 14 -

Plaintiff's more specific allegations essentially concede that Vista is not subject to general jurisdiction in New Jersey—he admits that Vista has its principal place of business in Minnesota. *See* Compl, ¶ 3. And Vista is incorporated in the State of Delaware. *See* Dkt. 1, ¶ 8. Moreover, nothing in the Complaint suggests that this could be an "exceptional case" where specific jurisdiction would lie outside of Vista's principal place of business and state of incorporation, as Plaintiff has not identified ***any*** real contacts between Vista and New Jersey, much less contacts which rise to the level of "at home" that Supreme Court jurisprudence now requires.

### C.    Vista Is Not Subject To Specific Personal Jurisdiction Because Mazure's Claim Does Not Arise From Or Relate To Vista's Contacts With New Jersey.

Because Vista is not subject to general jurisdiction in New Jersey, Plaintiff must establish that his claims arise out of or relate to Vista's connections with the New Jersey forum in order to survive dismissal. But Plaintiff failed to do so as a matter of law. Specific jurisdiction, unlike general jurisdiction, is "case-linked." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1773. The Third Circuit applies a three-pronged test to specific jurisdiction inquiries: (1) the defendant must have purposefully directed its activities at the forum; (2) the litigation must arise out of or relate to at least one of those activities; and (3) the court's exercise of personal jurisdiction must otherwise comport with fair play and substantial justice. *Rosario v. Mt. Top Mkt.*, No. 21-13749 (KM) (JBC), 2022 U.S. Dist. LEXIS 68592, at *4 (D.N.J. Apr. 13, 2022). Specific jurisdiction is not a numbers-driven calculation—the volume of contacts between a defendant and the forum is irrelevant unless the defendant's *suit-related conduct* creates a *substantial* connection with that forum—in other words, the suit itself must arise from the defendant's intentional activities directed at the forum state. *Walden*, 571 U.S. at 284 ("[T]he relationship must arise out of contacts that the '*defendant himself*' creates with the forum State . . . .") (emphasis added); *N.V.E. Inc. v. Cosmetic Indus. & Trade Corp.*, No. 09-3412, 2010 WL 1381482, at *4 (D.N.J. Apr. 5, 2010) (to allege personal

jurisdiction, a plaintiff must establish "that the individual defendant himself took the specific action"). Even the most cursory review of the Complaint reveals that Plaintiff has not met his jurisdictional burden of proof.

As noted above, the Complaint is extraordinarily light on jurisdictional allegations. It is also silent as to any alleged link between Plaintiff's product liability claims and Vista's forum-related activities. Plaintiff does not allege he ever had any conduct with Vista or Vista's products at all, whether in New Jersey or otherwise. Without any specifics, it is difficult to ascertain Plaintiff's theory of jurisdiction—it appears to be Plaintiff's contention that Vista is subject to personal jurisdiction in New Jersey simply because Plaintiff resides there and suffered an injury. Not so. As a matter of well established, black letter law, and as discussed at length in *Walden*, "the plaintiff *cannot* be the only link between the defendant and the forum." 571 U.S. at 285. Explaining further, the Court observed that "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State" or through plaintiff's "unilateral" activity. *Id.*; *see also Isaacs v. Ariz. Bd. of Regents*, 608 Fed. Appx. 70, 75 (3d Cir. 2015) (Plaintiff's "vague assertion that he has experienced an injury in" the forum state "will not suffice to establish jurisdiction."); *Croat v. Mission Fine Wines, Inc.*, No. 19-17786 (FLW), 2020 U.S. Dist. LEXIS 70145, at *11 (D.N.J. Apr. 21, 2021) (finding that plaintiff's residency in the forum state was unilateral choice of the plaintiff and insufficient to establish specific personal jurisdiction over the defendant); *Kearney v. Bayerische Motoren Werke Aktiengesellschaft*, Civil Action No. 17-13544, 2021 U.S. Dist. LEXIS 62356, at *14 (D.N.J. Mar. 31, 2021) (finding that the fact that defendant's product passed through the forum state was insufficient to establish specific personal jurisdiction).

Moreover, for reasons which overlap with Vista's other ground for dismissal, it is clear that there is *no* link between Plaintiff's product liability claims and any conduct attributable to Vista, much less conduct by Vista directed at the New Jersey forum. Plaintiff does not allege that Vista specifically, rather than any of the other named defendants, manufactured the ammunition product at issue, or that Vista sold it to him.[7] Nor could he. Plaintiff claims that the alleged accident which forms the basis of his claims took place on November 2, 2019. Compl. ¶ 3. This is well before Vista purchased the Acquired Assets in September 2020, and well before Vista had anything to do with Remington-branded products. Accordingly, at the time Plaintiff suffered his alleged injury and at the time this suit arose, Vista had no connection whatsoever to Remington-branded ammunition, including the ammunition at issue in Plaintiff's claims. Under these facts, and without any allegations detailing any connection between Vista and New Jersey, Plaintiff has not and cannot plead and prove the type of case-specific and forum-specific contacts necessary to create specific jurisdiction over Vista.[8] Because Plaintiff has not established that Vista is subject to either general or specific personal jurisdiction, his claims against Vista should be dismissed.

## III.  PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH RULE 8(A), AND IS SUBJECT TO DISMISSAL ON THIS ADDITIONAL GROUND.

In addition to being barred by the Sale Order and subject to dismissal for lack of personal jurisdiction, the Complaint fails to comply with even the most basic requirements of Rule 8 of the

---

[7] It is well established that group pleading of jurisdictional allegations, like Plaintiff's allegations in Paragraphs 2-4 of the Complaint, is inappropriate. A properly-pled complaint must include particular factual allegations as to each defendant. *See, e.g., Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Each defendant's contacts with the forum State must be assessed individually."); *Lee-Peckham v. Runa, LLC*, No. CIV.A. 14-6635 JLL, 2015 WL 150120, at *3 (D.N.J. Jan. 12, 2015) (granting dismissal as to individual defendants where the complaint did not contain "particular factual allegations . . . [to] establish jurisdiction over each defendant"); *N.V.E. Inc.*, 2010 WL 1381482, at *4.

[8] Having failed to establish the first two prongs of the Third Circuit's specific jurisdiction test—activities by Vista directed at the New Jersey forum and a link between those activities and Plaintiff's claims—the Court need not examine the third, "fair play and substantial justice" prong. *See Rosario*, 2022 U.S. Dist. LEXIS 68592, at *4.

Federal Rules of Civil Procedure.  Even under the most liberal pleading standard, it is well established that plaintiffs must differentiate between defendants and plead how *each one* is specifically liable, rather than merely lump all defendants together and allege that everyone did everything, putting the onus on the defendants and the court to sort it out.  *Shaw v. Hous. Auth. of Camden*, No. 11-4291 (RMB/AMD), 2012 U.S. Dist. LEXIS 112694, at *2 (D.N.J. Aug. 10, 2012); *Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 2:14-cv-238-TLN-DAD PS, 2014 U.S. Dist. LEXIS 105134, at *7 (D.N.J. July 31, 2014) (observing that grouping all defendants together in a pleading "undermines the notice pleading regime of Rule 8 and is a technique best relegated to a bygone era, if in fact it was ever acceptable then").  This rule is particularly important in tort and product liability cases.  For example, in *Mills v. Ethicon, Inc.*, which dealt with an allegedly defective medical implant, the plaintiff failed to identify which of the defendants was the manufacturer and which was the distributor, but simply grouped all defendants together and accused them of the same conduct.  406 F. Supp. 3d 363, 385-87 (D.N.J. 2019)  The court dismissed the plaintiff's negligence claim, holding that the impermissibly vague group pleading failed to place each defendant on notice of the claims against each of them.  *Id.*  Likewise, in *Sheeran v. Blyth Shipholding S.A.,* the plaintiff violated Rule 8 when he failed to describe the nature of each defendant and precisely what they were responsible for, but rather alleged that all defendants "owned, leased, operated, occupied, maintained, managed or otherwise controlled" the premises where the plaintiff sustained injury.  No. 14-5482 (JBS/AMD), 2015 U.S. Dist. LEXIS 168019, at *8-9 (D.N.J. Dec. 16, 2015).

Plaintiff's threadbare complaint plainly violates this rule in the same manner as in *Mills* and *Sheeran.*  The only allegation specific to Vista it contains relates to Vista's principal place of business.  *See* Compl, ¶ 3.  All of Plaintiff's substantive allegations group Vista in with each of

the other defendants, named and fictitious, and fail to describe what precisely Vista is alleged to have done. For example, Plaintiff alleges that all "Defendants" "designed, manufactured, produced, distributed, and/or placed into the stream of commerce a product including, but not limited to, a Tikka T3 Lite firearm, and/or Remington Express Core-Lokt .270 Winchester caliber ammunition." *Id.* at Count 1, ¶ 2, Count 2, ¶ 2. Going further, Plaintiff pleads that all "Defendants" "negligently, carelessly, and/or recklessly breached" warranties "including but not limited toin the manner in which said product was defectively designed, produced, constructed, distributed, and/or manufactured." *Id.* at Count 2, ¶ 3. Frankly, this kitchen-sink style pleading does not come close explaining what precisely Plaintiff alleges Vista did, and with respect to what product, which is Plaintiff's burden even at this preliminary stage. Having failed to comply with Rule 8, Plaintiff's claim is subject to dismissal.

## CONCLUSION

For the foregoing reasons, this Court should grant Vista's Motion to dismiss Plaintiff's complaint so far as it pertains to Vista, and dismiss Vista from the Action.

Dated: May 23, 2022                    Respectfully submitted,

                                        REED SMITH LLP


                                        /s/ *John C. Scalzo*
                                        John C. Scalzo
                                        Brian Giunta
                                        599 Lexington Avenue
                                        New York, NY 10022-7650
                                        Telephone: +1 212 521 5400
                                        Facsimile: +1 212 521 5450

                                        *Counsel for Defendant Vista Outdoor, Inc.*