UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL MAZURE,<br><br>**Plaintiff,**<br><br>v.<br><br>REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, BERETTA U.S.A. CORP., SAKO, LTD., GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., GANDER RV, DICK'S SPORTING GOODS, INC., JOHN DOES 1-10, JANE DOES 1-10, AND ABC CORPS 1-10,<br><br>**Defendants.** | Civ. No. 2:22-cv-02854 (WJM)<br><br>**OPINION** |

In this product liability action, Defendant Dick's Sporting Goods, Inc. ("Dick's" or "Defendant") moves to dismiss Plaintiff's Complaint for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5) and for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 6. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, Defendant Dick's motion to dismiss is **granted in part and denied in part**. The Complaint is **dismissed without prejudice**.

I.   **Background**

On October 29, 2021, Plaintiff Michael Mazure ("Plaintiff") filed an action in state court alleging that on or about November 2, 2019, he was using his Tikka T3 Lite firearm loaded with Remington Express Core-Lokt .270 Winchester caliber ammunition which "suddenly, and without warning, exploded, causing Plaintiff to suffer serious and permanent injuries." Compl., ¶ 3, ECF No. 1-1. Count I contains claims of defective design, defective manufacture, and failure to warn against all nine Defendants. Count II alleges against all Defendants breach of express warranty, negligence, and strict liability under the New Jersey Products Liability Act ("PLA"), N.J.S.A. 2A:58C-1, *et seq.*

Defendant Vista Outdoor, Inc. removed this matter to federal court on May 16, 2022 pursuant to 28 U.S.C. § 1332.[1] ECF No. 1. Defendant Dick's now moves to dismiss the Complaint.

## II. Discussion

### A. Fed. R. Civ. P. 12(b)(5) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(5) authorizes district courts to dismiss an action for insufficient service of process. Plaintiff, as the party asserting the validity of service, bears the burden of establishing that service has been effectuated under Federal Rule of Civil Procedure 4. *Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993). A corporation may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or by serving an officer or agent authorized to receive service of process. Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A).

Plaintiff argues that Dick's, by filing the present motion to dismiss, has made a general appearance and thus is deemed to have been properly served pursuant to N.J. Ct. R. 4:4-6. The Court disagrees. Rule 4:4-6 provides states that "[a] general appearance . . . signed by the defendant's attorney . . . shall have the same effect as if the defendant had been properly served." However, state and federal courts in New Jersey "have refrained from defining 'general appearance' expansively." *Advanced Surgery Center v. Connecticut Gen.'l Life Ins., Co.*, No. 12-2725, 2012 WL 3598815, at *14 (D.N.J. July 31, 2012). Rule 4:4-6 has not been interpreted to mean that a party can take "no action before a New Jersey court – submit no document, request no relief, come to no hearing – and nevertheless be deemed to make a general appearance before that court." *Id.*; *see, e.g., Allen v. Du Mont Laboratories, Inc. v. Marcalus Mfr. Co.*, 30 N.J. 290 (1959) (holding that stipulation to extend time to answer did not constitute general appearance); *Dion v. Gicking*, 43 N.J. Super. 507, 510-12 (App. Div. 1957) (finding that defendant's filing of interrogatories, motion to dismiss for failure to answer those interrogatories, and motion to compel physical examination did not waive right to contest insufficiency of service of process). Indeed, "[i]nsufficient service of process is an affirmative defense, and, therefore, it must be asserted in a defendant's first responsive pleading. *See* R. 4:6–2(d)." *Tower Two Ctr., LLC v. Atrium Exec. Ctr., LLC*, No. A-2172-16T4, 2018 WL 1659813, at *2 (N.J. Super. Ct. App. Div. Apr. 6, 2018). No defendant would be able to assert such an affirmative defense as required by Rule 4:6-2(d) if raising the defense also constituted acceptance of service. Thus, Dick's filing of a motion to dismiss does not constitute service under 4:4-6.

---

[1] Subsequently, Plaintiff voluntarily dismissed without prejudice his claims against Defendant Vista Outdoor, Inc. *See* June 7, 2022 Stipulation of Voluntary Dismissal, ECF. No. 8.

However, while Dick's motion to dismiss for insufficient service was pending, Plaintiff filed a Return of Service on June 22, 2022 indicating that Dick's was served on June 10, 2022 through its managing agent.[2] ECF No. 11. Notwithstanding that Plaintiff's service was untimely, Plaintiff appears to have made reasonable efforts to effectuate service and Dick's has not argued that it has been prejudiced by lack of timely service. Thus, Dick's motion to dismiss for insufficient service of process is **denied.** *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant *or* order that service be made within a specified time." (emphasis added)); *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995) (noting if good cause does not exist for failure to timely serve, court has discretion to dismiss without prejudice or to extend time for service); *Adam Technologies LLC v. Well Shin Technology Co., Ltd.*, No. 18-10513, 2021 WL 141371, at *6 (D.N.J. Jan. 15, 2021) (noting that rather than dismiss an action for failure to effectuate proper service, courts generally give plaintiff acting in good faith additional time to properly serve defendant).

B. Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a

---

[2] Plaintiff does not dispute that when he previously attempted service through New Jersey's Corporation Trust Services ("Corporation Trust"), service was not proper in accordance with N.J. Ct. R. 4:4-4. Corporation Trust is not an officer, director, trustee, or managing or general agent of Dick's, nor is it authorized to receive service of process on behalf of Dick's. New Jersey Court Rules state that service of process of a corporation may be made

> by serving a copy of the summons and complaint in the manner prescribed by paragraph (a)(1) of this rule on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties, provided, however, that a foreign corporation may be served only as herein prescribed subject to due process of law;

N.J. Ct. R. 4:4-4. Paragraph (a)(1) allows for service of summons "by delivering a copy [of the summons and complaint] to a person authorized by appointment or by law to receive service of process on the individual's behalf." N.J. Ct. R. 4:4-4(a)(1).

cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). That is, although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, *see id.* at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a probability requirement' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Here, Plaintiff's claims cannot survive a Rule 12(b)(6) motion to dismiss because the Complaint contains *no* factual allegations or any specific claims against Dick's.[3] Plaintiff does not set forth any facts regarding when or where he purchased the gun or the ammunition or even if he was the original purchaser. Such broad, generalized allegations unsupported by any factual allegations are insufficient as a matter of law to state a claim upon which relief may be granted.

Moreover, as Defendant observes, Plaintiff fails to satisfy Fed. R. Civ. P. 8(a)(2), which requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint alleges that all nine Defendants "designed, manufactured, produced, distributed, and/or placed into the stream of commerce" the Tikka T3 Lite firearm, and/or Remington Express Core-Lokt .270 Winchester caliber ammunition, "which was not reasonably fit, suitable or safe for its intended purpose; was defectively designed; was defectively manufactured; was defectively produced, was defectively distributed; and/or did not contain adequate warnings or instructions with respect to its use for purposes of safety." Compl., ¶ 2. This type of group pleading in which all the Defendants are lumped together does not provide Dick's notice of the claims against it and the grounds upon which those claims rest. *See Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 385-87 (D.N.J. 2019) (dismissing negligence claims where pleading failed to identify which defendant was manufacturer or distributor and instead grouped all defendants and accused them of same conduct); *Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 14-01206, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014) (noting that group pleading "undermines the notice pleading regime of Rule 8"). Accordingly, the Complaint against Dick's is **dismissed without prejudice**.[4]

---

[3] To the extent Plaintiff raises additional factual allegations in his opposition brief, those will be not considered by the Court in adjudicating this motion. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994) ("In determining whether a claim should be dismissed under Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record.").

[4] The Court need not consider Dick's grounds for dismissal that were raised for the first time in Dick's reply brief. "The law is clear that reply briefs should respond to arguments raised in the opposition brief, or explain a position in the initial brief that the respondent refuted ... ... Reply briefs are not the time to present new argument." *Smithkline Beecham PLC v. Teva Pharm. USA, Inc.*, No. 04-0215, 2007 WL 1827208, at *1 (D.N.J. June 22, 2007).

4

Additionally, because Plaintiff's allegations against the other nonmoving Defendants suffer from the same deficiencies, the Complaint is *sua sponte* **dismissed without prejudice** against all Defendants. *See Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) ("The district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action."); *see e.g., Romanelli v. DeWeese,* No. 10-1434, 2011 WL 2149857 (M.D. Pa. June 1, 2011) (dismissing *sua sponte* as to all defendants because complaint necessarily also failed to state claim against even nonmoving defendants); *Sullivan Associates, Inc. v. Dellots, Inc.,* No. 97-5457, 1997 WL 778976, at *7 (E.D. Pa. Dec. 17, 1997) (dismissing state law claims *sua sponte* against nonmoving defendant where defect raised by moving defendant applied equally to all claims); *Ray v. Kertes,* 285 F.3d 287, 297 (3d Cir. 2002) ("As a general proposition, *sua sponte* dismissal is inappropriate unless the basis is apparent from the face of the complaint.")

### III. Conclusion

For the reasons noted above, Defendant Dick's motion to dismiss for insufficient service pursuant to Fed. R. Civ. P. 12(b)(5) is **denied.** Dick's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **granted**. The Complaint is **dismissed without prejudice** as to all Defendants. Plaintiff may file an amended pleading curing the deficiencies noted herein within 30 days of the date of this Opinion. If Plaintiff fails to do so, this matter shall be **dismissed with prejudice**.

Upon timely filing, the amended pleading is to be properly served on all defendants who have yet to appear in the action in accordance with Fed. R. Civ. P. 4 and any other applicable state and federal rules.

                                              */s/ William J. Martini*
                                            **WILLIAM J. MARTINI, U.S.D.J.**

Date: July 5, 2022