**DE FRANK LAW GROUP, LLC.**
**PETER DE FRANK, ESQ. – 035282007**
**50 Packanack Lake Road**
**Wayne, New Jersey 07470**
**Tel. (973) 696 – 1900**
**Fax. (973) 238 - 5123**
**pdefrank@defranklawgroup.com**
**ecourts@defranklawgroup.com**
*Attorneys for Plaintiff*

| | |
|---|---|
| **MICHAEL MAZURE,**<br><br>*Plaintiff,*<br><br>v.<br><br>**SAKO LTD., BERETTA U.S.A. CORP., REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., DICKS SPORTING GOODS, INC., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),**<br><br>*Defendant(s).* | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY NEWARK VICINAGE**<br><br>**Civil Action No.: 2:22-cv-02854 (WJM)**<br><br>*Civil Action*<br><br>**AMENDED COMPLAINT, DEMAND FOR TRIAL BY JURY, DESIGNATION OF TRIAL ATTORNEY, DEMAND FOR ANSWERS TO INTERROGATORIES, NOTICE TO PRODUCE** |

Plaintiff **MICHAEL MAZURE**, residing in **FAIRFIELD, NJ,** complaining of the Defendant(s), deposes and says:

## PARTIES

1.  At all relevant times, Defendant **REMINGTON ARMS COMPANY, INC.** is a company, which has a principal place of business, located at 870 Remington Drive, Madison, North Carolina.

2.   At all relevant times, Defendants **REMINIGTON OUTDOOR COMPANY, INC.**  is a company, which has a principal place of business located at 100 Electronics Boulevard, in Huntsville Alabama.

3.   At all relevant times, Defendants **VISTA OUTDOOR;** is a company that has a which has a principal place of business located at 1 Vista way in Anoka Minnesota.

4.   At all relevant times, Defendant **ROUND HILL GROUP** is a company with a principal place of business located at 888 SE 3rd Avenue, Suite 500 in Fort Lauderdale, Florida.

5.   At all relevant times, Defendant **BERETTA U.S.A. Corp.** is a company with a principal place of business located at 17601 Beretta Drive in Accokeek Maryland.

6.   At all relevant times, Defendant **SAKO, LTD** is a company with a principal place of business located at Ilveskatu 2 Riihimaki in Finland and distributes out of 17601 Beretta Drive in Accokeek, Maryland 20607.

7.   At all relevant times, Defendants **GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., and GANDER RV** are companies with a principal place of business located at 8300 Norman Center Drive, Suite 700 in Bloomington Minnesota.

8.   At all relevant times, Defendant **DICKS SPORTING GOODS, INC.** is a company with a principal place of business located at 345 Court Street in Coraopolis Pennsylvania and conducts business in Essex County, New Jersey pursuant to Rule 4:3-2.

9.   At all relevant times, **JOHN DOES 1-10 (fictitious parties), JANE DOES 1-10 (fictitious parties), and ABC CORPS 1-10 (fictitious parties);** constitute fictitious parties with identities currently unknown, but who may be liable to Plaintiff for civil damages involving, including but not limited to, the sale, manufacture, productions, design, distribution, and/or placed into the stream of commerce a product in the form of a gun/rifle/firearm in the

specific form of a Tikka T3 Lite firearm and/or ammunition in the specific form of Remington Express Core-Lokt .270 Winchester caliber ammunition, which was not reasonably fit, suitable, and/or safe for its intended purpose, was defectively/improperly designed, was defectively/improperly manufactured, was defectively/improperly produced, was defectively/improperly distributed, and/or did not contain adequate warning and/or instructions with respect to its proper use for purposes of safety while using/operating.

<u>**FIRST COUNT**</u>

1.      On or about **November 2, 2019,** Plaintiff **MICHAEL MAZURE** was properly operating/using a certain gun/rifle/firearm in the specific form of a Tikka T3 Lite firearm and ammunition in the specific form of Remington Express Core-Lokt .270 Winchester caliber ammunition, when it suddenly and without warning, exploded in Plaintiff's face/head while using said firearm and ammunition in their intended purposes/use, for target shooting, causing Plaintiff to suffer serious and permanent injuries.

2.      At all relevant times, Defendants **SAKO, LTD., BERETTA U.S.A. CORP., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** was/were responsible for the design, manufacture, creation, and/or production guns/rifles/firearms in the specific form of a Tikka T3 Lite firearm and to make sure that said gun/rifle/firearm was safe to operate/use.

3.      At all relevant times, Plaintiff, **MICHAEL MAZURE,** was caused to be injured as a result of negligent, careless, and/or reckless acts and omissions by a company and/or corporation contracted, responsible for, and/or entrusted to design/manufacture/create/produce

guns/rifles/firearms in the specific form of a Tikka T3 Lite firearm and to make sure that said gun/rifle/firearm that cause the Plaintiff to sustain serious and permanent injuries.

4.       Defendants **SAKO, LTD., BERETTA U.S.A. CORP., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** are/were vicariously liable for the negligence, carelessness, and/or recklessness of their agents, servants, and/or employees, including but not limited to, the improper/dangerous design, manufacture, distribution, marketing, packaging, creation, and/or production of a gun/rifle/firearm in the specific form of a Tikka T3 Lite firearm, that caused Plaintiff to sustain serious and permanent injuries.

5.       As a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendants **SAKO, LTD., BERETTA U.S.A. CORP., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** as aforesaid, the Plaintiff, **MICHAEL MAZURE,** was caused to suffer severe and permanent bodily injuries, has suffered and will in the future continue to suffer great and excruciating pain in mind and body, has and will continue to lose enjoyment of life, has become and will in the future continue to be sick, sore, lame, disabled and prevented from performing and tending to his duties, affairs and foreseeable activities, and has expended and will in the future continue to expend large sums of money for necessary medical care and attention in an attempt to effect a cure.

**WHEREFORE,** Plaintiff, **MICHAEL MAZURE,** respectfully demands judgment against the Defendants **SAKO, LTD., BERETTA U.S.A. CORP., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is**

**unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** jointly, severally or in the alternative for compensatory damages, interest, costs of suit, and such other and further relief as the Court deems just and proper.

<u>**SECOND COUNT**</u>

1.      Plaintiff repeats and re-alleges each and every allegation of the **PREVIOUS COUNTS** herein and makes the same a part hereof

2.      At all relevant times, **SAKO, LTD., BERETTA U.S.A. CORP., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** , violated the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et seq,  in that it designed, manufactured, created, distributed, marketed, produced, inspected, packaged and/or sold a defective product, in the specific form of a Tikka T3 Lite firearm, that was inappropriate for its intended use including, but not limited to, a product with inadequate design/production, insufficient warnings, inadequate instructions, and inadequate safety features.

3.      As the direct and proximate result of the violation of the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et seq,, as aforesaid, by **SAKO, LTD., BERETTA U.S.A. CORP., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** was/were caused to suffer serious and permanent personal injuries when said gun/rifle/firearm, in the specific form of a Tikka T3 Lite firearm, exploded, without warning, in Plaintiff's face/head while using said firearm and ammunition in their intended purposes/use, for target shooting.  He has suffered and will in the future suffer great pain, he has and will in the

future be forced to incur medical expenses; and he has and will in the future be unable to pursue his normal daily activities as before.

**WHEREFORE**, Plaintiff(s), demands judgment against the Defendants **SAKO, LTD., BERETTA U.S.A. CORP., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** jointly, severally or in the alternative in the amount of his damages together with interest and costs of suit.

<u>**THIRD COUNT**</u>

1.      Plaintiff repeats and re-alleges each and every allegation of the previous Counts herein and makes the same a part hereof.

2.      At all relevant times, Defendants **SAKO, LTD., BERETTA U.S.A. CORP., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** negligently, carelessly, and/or recklessly designed, manufactured, created, distributed, marketed, produced, packaged and/or sold a defective product, in the form of a Tikka T3 Lite firearm, that was inappropriate/improper for its intended use.

3.      At all relevant times, **DEFENDANTS SAKO, LTD., BERETTA U.S.A. CORP., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** negligently, carelessly, and/or recklessly designed, manufactured, created, distributed, marketed, produced, packaged and/or sold a defective product such as a gun/rifle/firearm in the specific form of a TIKKA T3 LITE FIREARM.

4.      As the direct and proximate result of the violation of the NEW JERSEY Product Liability Act, as aforesaid, by **DEFENDANTS SAKO, LTD., BERETTA U.S.A. CORP., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** PLAINTIFF(s) was/were caused to suffer serious and permanent personal injuries when said gun/rifle/firearm, in the specific form of a Tikka T3 Lite firearm, exploded, without warning, in Plaintiff's face/head while using said firearm and ammunition in their intended purposes/use, for target shooting.  He has suffered and will in the future suffer great pain, he has and will in the future be forced to incur medical expenses; and he has and will in the future be unable to pursue his normal daily activities as before.

**WHEREFORE**, Plaintiff(s), demands judgment against the **DEFENDANTS SAKO, LTD., BERETTA U.S.A. CORP., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** jointly, severally or in the alternative in the amount of his damages together with interest and costs of suit.

<u>**FOURTH COUNT**</u>

1.      Plaintiff repeats and realleges each and every paragraph of the Previous Counts and makes the same a part of hereof by reference thereto.

2.      At all relevant times herein, **DEFENDANTS SAKO, LTD., BERETTA U.S.A. CORP., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** individually, and/or through their agents, servants and/or employees, distributed, produced, manufactured, created, and/or placed into the stream of commerce the aforementioned

product identified and/or believed to be a Tikka T3 Lite firearm that carried express warranties of fitness for the particular purpose/merchantability for which they were designed, constructed, distributed, created, marketed, packaged, inspected, produced and/or manufactured for its intended purpose.

3.      At all relevant times, Plaintiff **MICHAEL MAZURE** relied on **DEFENDANTS SAKO, LTD., BERETTA U.S.A. CORP., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown)** skill and/or judgment that said product in the specific form of a Tikka T3 Lite firearm was fit/suitable for its particular purpose.

4.      The aforesaid Defendants **SAKO, LTD., BERETTA U.S.A. CORP., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown)**, breached said warranties.

5.      The aforesaid **DEFENDANTS SAKO, LTD., BERETTA U.S.A. CORP., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown)**, breached said warranties in failing to provide adequate warnings, selling/marketing/distributing a defective product, and/or placing into the stream of commerce a product not fit for its intended purposes, including but not limited to, a Tikka T3 Lite firearm.

6.      As a direct and proximate cause of the breach of warranties of the defendants, as aforesaid, Plaintiff suffered serious and permanent injuries to his face/head, when the firearm/ammunition exploded while Plaintiff was operating/using said product for target shooting.

7.      At all relevant times, aforesaid defendants are liable for the aforesaid incident based upon the theory of breach of warranty pursuant to New Jersey Uniform Commercial Code, N.J.S.A. 12a:2-315 and United States Uniform Commercial Code, U.C.C. §2-315 (2016), Implied Breach: Fitness for Particular Purpose.

8.      As a direct and proximate result of said injuries, Plaintiff has and will in future experience great pain, suffering, scarring, disabilities, Impairments and loss of enjoyment of life. Plaintiff has and will in future be forced to expand large sums of money for medical care and attention. Plaintiff has and will in future be unable to pursue his normal activities of daily living as before.

**WHEREFORE,** Plaintiff demands judgment against the **DEFENDANTS SAKO, LTD., BERETTA U.S.A. CORP., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** either jointly, severally or in the alternative, for damages together with interest and costs of suit.

## FIFTH COUNT

1.      Plaintiff repeats and re-alleges each and every allegation of the previous Counts herein and makes the same a part hereof.

2.      On or about **November 2, 2019,** Plaintiff **MICHAEL MAZURE** was properly operating/using a certain gun/rifle/firearm in the specific form of a Tikka T3 Lite firearm and ammunition in the specific form of Remington Express Core-Lokt .270 Winchester caliber ammunition, when it suddenly and without warning, exploded in Plaintiff's face/head while using said firearm and ammunition in their intended purposes/use, for target shooting.

3.      At all relevant times, Defendants **REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** was/were responsible for the design, manufacture, packaging, distribution, marketing, creation, and/or production of firearm ammunition in the specific form of Remington Express Core-Lokt .270 Winchester caliber ammunition and to make sure that said ammunition was safe to operate/use.

4.      At all relevant times, Plaintiff, **MICHAEL MAZURE,** was caused to be injured as a result of negligent, careless, and/or reckless acts and omissions by a company and/or corporation contracted, responsible for, and/or entrusted to design/manufacture/create/produce firearm ammunition in the specific form of Remington Express Core-Lokt .270 Winchester caliber ammunition and to make sure that said firearm ammunition was safe and proper for operation/use, that caused the Plaintiff to sustain serious and permanent injuries.

5.      Defendants **REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** are/were vicariously liable for the negligence, carelessness, and/or recklessness of their agents, servants, and/or employees, including but not limited to, the improper/dangerous design, manufacture, distribution, marketing, packaging, creation, and/or production of firearm ammunition in the specific form of Remington Express Core-Lokt .270 Winchester caliber ammunition, that caused Plaintiff to sustain serious and permanent injuries.

6.     As a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendants **REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** as aforesaid, the Plaintiff, **MICHAEL MAZURE**, was caused to suffer severe and permanent bodily injuries, has suffered and will in the future continue to suffer great and excruciating pain in mind and body, has and will continue to lose enjoyment of life, has become and will in the future continue to be sick, sore, lame, disabled and prevented from performing and tending to her duties, affairs and foreseeable activities, and has expended and will in the future continue to expend large sums of money for necessary medical care and attention in an attempt to effect a cure.

**WHEREFORE**, Plaintiff, **MICHAEL MAZURE**, respectfully demands judgment against the Defendants **REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** jointly, severally or in the alternative for compensatory damages, interest, costs of suit, and such other and further relief as the Court deems just and proper.

## SIXTH COUNT

1.     Plaintiff repeats and re-alleges each and every allegation of the **PREVIOUS COUNTS** herein and makes the same a part hereof

2. At all relevant times, **REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** , violated the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et seq, in that it designed, manufactured, created, distributed, marketed, produced, packaged and/or sold a defective product, in the form firearm/gun ammunition, in the specific form of Remington Express Core-Lokt .270 Winchester caliber ammunition, that was inappropriate for its intended use including, but not limited to, a product with inadequate design/production, insufficient warnings, inadequate instructions, and inadequate safety features.

3. As the direct and proximate result of the violation of the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et seq,, as aforesaid, by Defendants **REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** was/were caused to suffer serious and permanent personal injuries when said firearm/gun ammunition, in the specific form of Remington Express Core-Lokt .270 Winchester caliber ammunition, exploded, without warning, in Plaintiff's face/head while using said firearm and ammunition, in their intended purposes/use, for target shooting. He has suffered and will in the future suffer great pain, he has and will in the future be forced to incur medical expenses; and he has and will in the future be unable to pursue his normal daily activities as before.

**WHEREFORE**, Plaintiff(s), demands judgment against the Defendants **REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** jointly, severally or in the alternative in the amount of his damages together with interest and costs of suit.

<u>SEVENTH COUNT</u>

1.      Plaintiff repeats and re-alleges each and every allegation of the previous Counts herein and makes the same a part hereof.

2.      At all relevant times, Defendants **REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** negligently, carelessly, and/or recklessly designed, manufactured, created, distributed, marketed, produced, packaged and/or sold a defective product, in the form of Remington Express Core-Lokt .270 Winchester caliber ammunition, that was inappropriate/improper/defective for its intended use/operation.

3.      At all relevant times, **DEFENDANTS REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** negligently, carelessly, and/or recklessly designed, manufactured, created, distributed, marketed, produced, packaged and/or sold a defective product such as firearm/gun

ammunition in the specific form of REMINGTON EXPRESS CORE-LOKT .270 WINCHESTER CALIBER AMMUNITION.

4.      As the direct and proximate result of the violation of the NEW JERSEY Product Liability Act, as aforesaid, by Defendants **REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** PLAINTIFF(s) was/were caused to suffer serious and permanent personal injuries when said firearm/gun ammunition, in the specific form of Remington Express Core-Lokt .270 Winchester caliber ammunition, exploded, without warning, in Plaintiff's face/head while using said firearm and ammunition in their intended purposes/use, for target shooting.  He has suffered and will in the future suffer great pain, he has and will in the future be forced to incur medical expenses; and he has and will in the future be unable to pursue his normal daily activities as before.

**WHEREFORE**, Plaintiff(s), demands judgment against the **DEFENDANTS REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** jointly, severally or in the alternative in the amount of his damages together with interest and costs of suit.

## EIGHTH COUNT

1.      Plaintiff repeats and realleges each and every paragraph of the Previous Counts and makes the same a part of hereof by reference thereto.

2.      At all relevant times herein, **DEFENDANTS REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** individually, and/or through their agents, servants and/or employees, distributed, produced, manufactured, created, and/or placed into the stream of commerce the aforementioned product identified and/or believed to be Remington Express Core-Lokt .270 Winchester caliber ammunition that carried express warranties of fitness for the particular purpose/merchantability for which they were designed, constructed, distributed, created, marketed, packaged, inspected, sold, produced and/or manufactured for its intended purpose.

3.      At all relevant times, Plaintiff **MICHAEL MAZURE** relied on **DEFENDANTS REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** skill and/or judgment that said product in the specific form of Remington Express Core-Lokt .270 Winchester caliber ammunition was fit/suitable for its particular purpose.

4.      The aforesaid **DEFENDANTS REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** breached said warranties.

5.      The aforesaid **DEFENDANTS REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** breached said warranties in failing to provide adequate warnings, selling/marketing/distributing a defective product, and/or placing into the stream of commerce a product not fit for its intended purposes, including but not limited to, Remington Express Core-Lokt .270 Winchester caliber ammunition.

6.      As a direct and proximate cause of the breach of warranties of the defendants, as aforesaid, Plaintiff suffered serious and permanent injuries to his face/head, when the firearm/ammunition exploded while Plaintiff was operating/using said product for target shooting.

7.      At all relevant times, aforesaid defendants are liable for the aforesaid incident based upon the theory of breach of warranty pursuant to New Jersey Uniform Commercial Code, N.J.S.A. 12a:2-315 and United States Uniform Commercial Code, U.C.C. §2-315 (2016), Implied Breach: Fitness for Particular Purpose.

8.      As a direct and proximate result of said injuries, Plaintiff has and will in future experience great pain, suffering, scarring, disabilities, Impairments and loss of enjoyment of life. Plaintiff has and will in future be forced to expand large sums of money for medical care and attention. Plaintiff has and will in future be unable to pursue his normal activities of daily living as before.

**WHEREFORE**, Plaintiff demands judgment against the **DEFENDANTS REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC.,**

**VISTA OUTDOOR, ROUNDHILL GROUP, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** either jointly, severally or in the alternative, for damages together with interest and costs of suit.

<u>**NINTH COUNT**</u>

1.      Plaintiff repeats and re-alleges each and every allegation of the previous Counts herein and makes the same a part hereof.

2.      On or about **November 2, 2019,** Plaintiff **MICHAEL MAZURE** was properly operating/using a certain gun/rifle/firearm in the specific form of a Tikka T3 Lite firearm and ammunition in the specific form of Remington Express Core-Lokt .270 Winchester caliber ammunition, when it suddenly and without warning, exploded, in Plaintiff's face/head while using said firearm and ammunition in their intended purposes/use, for target shooting.

3.      At all relevant times, Defendants **GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., GANDER RV, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** located at 955 Viewpoint Drive in Dickson City, PA, was/were responsible for the distribution, marketing, offering for sale, and/or vended a firearm/rifle/gun in the specific form of a Tikka T3 Lite firearm and to make sure that said firearm/rifle/gun was safe/proper for distribution and/or sale to Plaintiff.

4.      At all relevant times, Plaintiff, **MICHAEL MAZURE,** was caused to be injured as a result of negligent, careless, and/or reckless acts and omissions by a company and/or corporation contracted, responsible for, and/or entrusted to distribute, market, offer for sale

and/or vend said firearm/gun/rifle in the specific form of a Tikka T3 Lite firearm and to make sure that said firearm/gun/rifle was safe and proper for distribution/sale to Plaintiff.

5.      Defendants **GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., GANDER RV, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** are/were vicariously liable for the negligence, carelessness, and/or recklessness of their agents, servants, and/or employees, including but not limited to, the improper/dangerous distribution, marketing, offering for sale, and/or vending of a firearm/gun/rifle in the specific form of a Tikka T3 Lite firearm, that, without warning, exploded in Plaintiff's face/head while using said firearm and ammunition in their intended purposes/use, for target shooting, and caused Plaintiff to sustain serious and permanent injuries.

6.      As a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendants **GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., GANDER RV, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** as aforesaid, the Plaintiff, **MICHAEL MAZURE,** was caused to suffer severe and permanent bodily injuries, has suffered and will in the future continue to suffer great and excruciating pain in mind and body, has and will continue to lose enjoyment of life, has become and will in the future continue to be sick, sore, lame, disabled and prevented from performing and tending to her duties, affairs and foreseeable activities, and has expended and will in the future continue to expend large sums of money for necessary medical care and attention in an attempt to effect a cure.

WHEREFORE, Plaintiff, **MICHAEL MAZURE**, respectfully demands judgment against the Defendants **GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., GANDER RV, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** jointly, severally or in the alternative for compensatory damages, interest, costs of suit, and such other and further relief as the Court deems just and proper.

## TENTH COUNT

1.      Plaintiff repeats and re-alleges each and every allegation of the **PREVIOUS COUNTS** herein and makes the same a part hereof.

2.      At all relevant times, **GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., GANDER RV, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** , violated the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et seq, in that it distributed, marketed, sold and/or vended a defective product, in the form firearm/gun/rifle, in the specific form of a Tikka T3 Lite firearm, that was inappropriate/improper/unsafe for its intended use including, but not limited to, a product with inadequate design/production, insufficient warnings, inadequate instructions, and inadequate safety features.

4.      As the direct and proximate result of the violation of the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et seq, as aforesaid, by Defendants **GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., GANDER RV, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** was/were caused to suffer serious

and permanent personal injuries when said firearm/gun/rifle, in the specific form of a Tikka T3 Lite firearm, exploded, without warning, in Plaintiff's face/head while using said firearm and ammunition in their intended purposes/use, for target shooting,. He has suffered and will in the future suffer great pain, he has and will in the future be forced to incur medical expenses; and he has and will in the future be unable to pursue his normal daily activities as before.

WHEREFORE, Plaintiff(s), demands judgment against the Defendants **GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., GANDER RV, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** jointly, severally or in the alternative in the amount of his damages together with interest and costs of suit.

## ELEVENTH COUNT

1.      Plaintiff repeats and re-alleges each and every allegation of the previous Counts herein and makes the same a part hereof.

2.      At all relevant times, Defendants **GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., GANDER RV, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** negligently, carelessly, and/or recklessly distributed, marketed, sold, and/or vended a defective product, in the form of a Tikka T3 Lite firearm, that was inappropriate/improper for its intended use/operation.

5.      At all relevant times, **DEFENDANTS GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., GANDER RV, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** negligently, carelessly, and/or

recklessly distributed, marketed, sold, and/or vended a defective/unsafe product such as firearm/gun/rifle in the specific form of TIKKA T3 LITE FIREARM.

6.      As the direct and proximate result of the violation of the NEW JERSEY Product Liability Act, as aforesaid, by Defendants **GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., GANDER RV, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** PLAINTIFF(s) was/were caused to suffer serious and permanent personal injuries when said firearm/gun/rifle ammunition, in the specific form of a Tikka T3 Lite firearm, exploded, without warning, in Plaintiff's face/head while using said firearm and ammunition in their intended purposes/use, for target shooting.  He has suffered and will in the future suffer great pain, he has and will in the future be forced to incur medical expenses; and he has and will in the future be unable to pursue his normal daily activities as before.

**WHEREFORE**, Plaintiff(s), demands judgment against the **DEFENDANTS GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., GANDER RV, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** jointly, severally or in the alternative in the amount of his damages together with interest and costs of suit.

## TWELFTH COUNT

1.      Plaintiff repeats and realleges each and every paragraph of the Previous Counts and makes the same a part of hereof by reference thereto.

2.      At all relevant times herein, **DEFENDANTS GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., GANDER RV, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** individually, and/or through their agents, servants and/or employees, distributed, produced, manufactured, created, and/or placed into the stream of commerce the aforementioned product identified and/or believed to be a Tikka T3 Lite firearm that carried express warranties of fitness for the particular purpose/merchantability for which they were designed, constructed, distributed, created, marketed, packaged, inspected, sold, produced and/or manufactured for its intended purpose.

3.      At all relevant times, Plaintiff **MICHAEL MAZURE** relied on **DEFENDANTS GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., GANDER RV, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** skill and/or judgment that said product in the specific form of a Tikka T3 Lite firearm was fit/suitable for its particular purpose.

4.      The aforesaid **DEFENDANTS GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., GANDER RV, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** breached said warranties.

5.      The aforesaid **DEFENDANTS GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., GANDER RV, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** breached said warranties in failing to provide

adequate warnings, selling/marketing/distributing a defective product, and/or placing into the stream of commerce a product not fit for its intended purposes, including but not limited to, a Tikka T3 Lite firearm.

6.      As a direct and proximate cause of the breach of warranties of the defendants, as aforesaid, Plaintiff suffered serious and permanent injuries to his face/head, when the firearm/ammunition exploded while Plaintiff was operating/using said product for target shooting.

7.      At all relevant times, aforesaid defendants are liable for the aforesaid incident based upon the theory of breach of warranty pursuant to New Jersey Uniform Commercial Code, N.J.S.A. 12a:2-315 and United States Uniform Commercial Code, U.C.C. §2-315 (2016), Implied Breach: Fitness for Particular Purpose.

8.      As a direct and proximate result of said injuries, Plaintiff has and will in future experience great pain, suffering, scarring, disabilities, Impairments and loss of enjoyment of life. Plaintiff has and will in future be forced to expand large sums of money for medical care and attention. Plaintiff has and will in future be unable to pursue his normal activities of daily living as before.

**WHEREFORE**, Plaintiff demands judgment against the **DEFENDANTS GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., GANDER RV, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** either jointly, severally or in the alternative, for damages together with interest and costs of suit.

## THIRTEENTH COUNT

9.      Plaintiff repeats and re-alleges each and every allegation of the previous Counts herein and makes the same a part hereof.

10.      On or about **November 2, 2019,** Plaintiff **MICHAEL MAZURE** was properly operating/using a certain gun/rifle/firearm in the specific form of a Tikka T3 Lite firearm and ammunition in the specific form of Remington Express Core-Lokt .270 Winchester caliber ammunition, when it suddenly and without warning, exploded, in Plaintiff's face/head while using said firearm and ammunition in their intended purposes/use, for target shooting.

11.      At all relevant times, Defendants **DICKS SPORTING GOODS, INC., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** located at 76 Willowbrook Blvd., Wayne, New Jersey was/were responsible for the distribution, marketing, offering for sale and/or vended of firearm/gun ammunition in the specific form of Remington Express Core-Lokt .270 Winchester caliber ammunition and to make sure that said ammunition was safe/appropriate to operate/use.

12.      At all relevant times, Plaintiff, **MICHAEL MAZURE,** was caused to be injured as a result of negligent, careless, and/or reckless acts and omissions by a company and/or corporation contracted, responsible for, and/or entrusted to distribute/market/sell/vend firearm ammunition in the specific form of Remington Express Core-Lokt .270 Winchester caliber ammunition and to make sure that said firearm ammunition was safe and proper for operation/use.

13.      Defendants **DICKS SPORTING GOODS, INC., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** are/were vicariously liable for

the negligence, carelessness, and/or recklessness of their agents, servants, and/or employees, including but not limited to, the improper/dangerous distribution, marketing, offering to sell and/or vending of firearm ammunition in the specific form of Remington Express Core-Lokt .270 Winchester caliber ammunition, that caused Plaintiff to sustain serious and permanent injuries.

7.     As a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendants **DICKS SPORTING GOODS, INC., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** as aforesaid, the Plaintiff, **MICHAEL MAZURE,** was caused to suffer severe and permanent bodily injuries, has suffered and will in the future continue to suffer great and excruciating pain in mind and body, has and will continue to lose enjoyment of life, has become and will in the future continue to be sick, sore, lame, disabled and prevented from performing and tending to her duties, affairs and foreseeable activities, and has expended and will in the future continue to expend large sums of money for necessary medical care and attention in an attempt to effect a cure.

**WHEREFORE**, Plaintiff, **MICHAEL MAZURE**, respectfully demands judgment against the Defendants **DICKS SPORTING GOODS, INC., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** jointly, severally or in the alternative for compensatory damages, interest, costs of suit, and such other and further relief as the Court deems just and proper.

## FOURTEENTH COUNT

1.     Plaintiff repeats and re-alleges each and every allegation of the **PREVIOUS COUNTS** herein and makes the same a part hereof

2.      At all relevant times, **DICKS SPORTING GOODS, INC., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** , violated the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et seq, in that it distributed, marketed, produced, sold and/or vended a defective product, in the form firearm/gun ammunition, in the specific form of Remington Express Core-Lokt .270 Winchester caliber ammunition, that was inappropriate/unsafe for its intended use including, but not limited to, a product with inadequate design/production, insufficient warnings, inadequate instructions, and inadequate safety features.

3.      As the direct and proximate result of the violation of the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et seq,, as aforesaid, by Defendants **DICKS SPORTING GOODS, INC., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** the Plaintiff was/were caused to suffer serious and permanent personal injuries when said firearm/gun ammunition, in the specific form of Remington Express Core-Lokt .270 Winchester caliber ammunition, exploded, without warning, in Plaintiff's face/head while using said firearm and ammunition in their intended purposes/use, for target shooting.  He has suffered and will in the future suffer great pain, he has and will in the future be forced to incur medical expenses; and he has and will in the future be unable to pursue his normal daily activities as before.

**WHEREFORE**, Plaintiff(s), demands judgment against the Defendants **DICKS SPORTING GOODS, INC., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious**

**names as entities are unknown),** jointly, severally or in the alternative in the amount of his damages together with interest and costs of suit.

## FIFTEENTH COUNT

1.      Plaintiff repeats and re-alleges each and every allegation of the previous Counts herein and makes the same a part hereof.

2.      At all relevant times, Defendants **DICKS SPORTING GOODS, INC., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** negligently, carelessly, and/or recklessly distributed, marketed, sold and/or vended a defective product, in the form of Remington Express Core-Lokt .270 Winchester caliber ammunition, that was inappropriate/improper for its intended use/operation.

3.      At all relevant times, **DEFENDANTS DICKS SPORTING GOODS, INC., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** negligently, carelessly, and/or recklessly distributed, marketed, sold and/or vended a defective product such as firearm/gun ammunition in the specific form of REMINGTON EXPRESS CORE-LOKT .270 WINCHESTER CALIBER AMMUNITION.

4.      As the direct and proximate result of the violation of the NEW JERSEY Product Liability Act, as aforesaid, by Defendants **DICKS SPORTING GOODS, INC., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** PLAINTIFF(s) was/were caused to suffer serious and permanent personal injuries when said firearm/gun ammunition, in the specific form of Remington Express Core-Lokt .270 Winchester

caliber ammunition, exploded, without warning, in Plaintiff's face/head while using said firearm and ammunition in their intended purposes/use, for target shooting.  He has suffered and will in the future suffer great pain, he has and will in the future be forced to incur medical expenses; and he has and will in the future be unable to pursue his normal daily activities as before.

**WHEREFORE**, Plaintiff(s), demands judgment against the **DEFENDANTS DICKS SPORTING GOODS, INC., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** jointly, severally or in the alternative in the amount of his damages together with interest and costs of suit.

## SIXTEETH COUNT

1.      Plaintiff repeats and realleges each and every paragraph of the Previous Counts and makes the same a part of hereof by reference thereto.

2.      At all relevant times herein, **DEFENDANTS DICKS SPORTING GOODS, INC., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** individually, and/or through their agents, servants and/or employees, distributed, produced, manufactured, created, and/or placed into the stream of commerce the aforementioned product identified and/or believed to be Remington Express Core-Lokt .270 Winchester Caliber Ammunition that carried express warranties of fitness for the particular purpose/merchantability for which they were designed, constructed, distributed, created, marketed, packaged, inspected, sold, produced and/or manufactured for its intended purpose.

3.      At all relevant times, Plaintiff **MICHAEL MAZURE** relied on **DEFENDANTS DICKS SPORTING GOODS, INC., JOHN DOES 1-10 (fictitious names as identity is**

unknown), **JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** skill and/or judgment that said product in the specific form of Remington Express Core-Lokt .270 Winchester caliber ammunition was fit/suitable for its particular purpose.

4.      The aforesaid **DEFENDANTS DICKS SPORTING GOODS, INC., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** breached said warranties.

5.      The aforesaid **DEFENDANTS DICKS SPORTING GOODS, INC., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** breached said warranties in failing to provide adequate warnings, selling/marketing/distributing a defective product, and/or placing into the stream of commerce a product not fit for its intended purposes, including but not limited to, Remington Express Core-Lokt .270 Winchester Caliber Ammunition.

6.      As a direct and proximate cause of the breach of warranties of the defendants, as aforesaid, Plaintiff suffered serious and permanent injuries to his face/head, when the firearm/ammunition exploded while Plaintiff was operating/using said product for target shooting.

7.      At all relevant times, aforesaid defendants are liable for the aforesaid incident based upon the theory of breach of warranty pursuant to New Jersey Uniform Commercial Code, N.J.S.A. 12a:2-315 and United States Uniform Commercial Code, U.C.C. §2-315 (2016), Implied Breach: Fitness for Particular Purpose.

8.      As a direct and proximate result of said injuries, Plaintiff has and will in future experience great pain, suffering, scarring, disabilities, Impairments and loss of enjoyment of life. Plaintiff has and will in future be forced to expand large sums of money for medical care and attention. Plaintiff has and will in future be unable to pursue his normal activities of daily living as before.

**WHEREFORE**, Plaintiff demands judgment against the **DEFENDANTS GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., GANDER RV, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),** either jointly, severally or in the alternative, for damages together with interest and costs of suit.

**DE FRANK LAW GROUP, LLC.**
*Attorneys for Plaintiff*

Dated: 8/4/22

BY: _____
**PETER DE FRANK, ESQ.**

**JURY DEMAND**

Pursuant to <u>R.</u> 1:8-2(b), Plaintiff hereby demands a Trial by Jury on all the issues raised in the within Pleadings.

DE FRANK LAW GROUP, LLC.
*Attorneys for Plaintiff*

Dated: 8/4/22

BY: _____
PETER DE FRANK, ESQ.

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to <u>R.</u> 4:25-4, **PETER J. DE FRANK**, is designated as trial counsel.

**TIME UNIT RULE**

Plaintiff(s) intend to use the Time Unit Rule Pursuant to <u>R.</u> 1:7-1(b).

**CERTIFICATION**

I hereby certify that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any such action or proceeding presently contemplated.

DE FRANK LAW GROUP, LLC.
*Attorneys for Plaintiff*

Dated: 8/4/22

BY: _____
PETER DE FRANK, ESQ.

DE FRANK LAW GROUP, LLC.
PETER DE FRANK, ESQ. – 035282007
50 Packanack Lake Road
Wayne, New Jersey 07470
Tel. (973) 696 – 1900
Fax. (973) 238 - 5123
pdefrank@defranklawgroup.com
ecourts@defranklawgroup.com
*Attorneys for Plaintiff*

| | |
|---|---|
| MICHAEL MAZURE,<br><br>*Plaintiff,*<br><br>v.<br><br>SAKO LTD., BERETTA U.S.A. CORP., REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., DICKS SPORTING GOODS, INC., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),<br><br><br><br>*Defendant(s).* | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>NEWARK VICINAGE<br><br>Civil Action No.: 2:22-cv-02854 (WJM)<br><br>*Civil Action*<br><br>DEMAND FOR THE DISCOVERY OF<br>INSURANCE COVERAGE |

Pursuant to R. 4:10-2(b), demand is hereby made that the Defendants, disclose to the undersigned whether there are any insurance agreements or policies under which any person of firm carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.    This request applies also to information regarding excess, umbrella, or other supplemental insurance policies available to each Defendant.

Dated: 8/4/22

BY: _____

PETER DE FRANK, ESQ.

DE FRANK LAW GROUP, LLC.
PETER DE FRANK, ESQ. – 035282007
50 Packanack Lake Road
Wayne, New Jersey 07470
Tel. (973) 696 – 1900
Fax. (973) 238 - 5123
pdefrank@defranklawgroup.com
ecourts@defranklawgroup.com
*Attorneys for Plaintiff*

| | |
|---|---|
| MICHAEL MAZURE,<br><br>*Plaintiff,*<br><br>v.<br><br>SAKO LTD., BERETTA U.S.A. CORP., REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., DICKS SPORTING GOODS, INC., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),<br><br>*Defendant(s).* | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY NEWARK VICINAGE<br><br>Civil Action No.: 2:22-cv-02854 (WJM)<br><br>*Civil Action*<br><br>DEMAND FOR THE PRODUCTION OF STATEMENTS |

Pursuant to R. 4:10-2(c), demand is hereby made that the Defendants, disclose to the defendants provide the attorney filing this pleading with true and complete copies of any and all statements by any and all parties, witnesses, and persons with knowledge regarding the subject matter of this case.  If your claim is of "privilege," your response must still identify the date of the statement, the individuals providing and receiving the statement, and the reason you assert that the statement is privileged.  This includes oral and written statements.

Dated: 8|4|22

BY: _____
PETER DE FRANK, ESQ.

**DE FRANK LAW GROUP, LLC.**
**PETER DE FRANK, ESQ. – 035282007**
**50 Packanack Lake Road**
**Wayne, New Jersey 07470**
**Tel. (973) 696 – 1900**
**Fax. (973) 238 - 5123**
**pdefrank@defranklawgroup.com**
**ecourts@defranklawgroup.com**
*Attorneys for Plaintiff*

| | |
|---|---|
| **MICHAEL MAZURE,**<br><br>*Plaintiff,*<br><br>v.<br><br>**SAKO LTD., BERETTA U.S.A. CORP., REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., DICKS SPORTING GOODS, INC., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown),**<br><br>*Defendant(s).* | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY NEWARK VICINAGE**<br><br>**Civil Action No.: 2:22-cv-02854 (WJM)**<br><br>*Civil Action*<br><br>**STATEMENT OF DAMAGES** |

Pursuant to <u>R.</u> 4:5-2 the following is the amount of damages claimed in the above entitled

Action:

**$250,000**

**DE FRANK LAW GROUP, LLC.**
*Attorneys for Plaintiff*

Dated: 8|4|22                                    BY: _____
**PETER DE FRANK, ESQ.**

**DE FRANK LAW GROUP, LLC.**
**PETER DE FRANK, ESQ. – 035282007**
**50 Packanack Lake Road**
**Wayne, New Jersey 07470**
**Tel. (973) 696 – 1900**
**Fax. (973) 238 - 5123**
**pdefrank@defranklawgroup.com**
**ecourts@defranklawgroup.com**
*Attorneys for Plaintiff*

| | |
|---|---|
| **MICHAEL MAZURE,** | **UNITED STATES DISTRICT COURT** |
| | **DISTRICT OF NEW JERSEY** |
| *Plaintiff,* | **NEWARK VICINAGE** |
| v. | |
| | **Civil Action No.: 2:22-cv-02854 (WJM)** |
| **SAKO LTD., BERETTA U.S.A. CORP.,** | |
| **REMINGTON ARMS COMPANY, INC.,** | *Civil Action* |
| **REMINGTON OUTDOOR COMPANY,** | |
| **INC., VISTA OUTDOOR, ROUNDHILL** | **DEMAND FOR THE PRODUCTION OF** |
| **GROUP, GANDER MOUNTAIN, INC.,** | **STATEMENTS** |
| **GANDER OUTDOORS, INC., DICKS** | |
| **SPORTING GOODS, INC., JOHN DOES** | |
| **1-10 (fictitious names as identity is** | |
| **unknown), JANE DOES 1-10 (fictitious** | |
| **names as identity is unknown), ABC** | |
| **CORPS. 1-10 (fictitious names as entities** | |
| **are unknown),** | |
| | |
| *Defendant(s).* | |

Pursuant to R. 4:10-2(c), demand is hereby made that the Defendants, disclose to the defendants provide the attorney filing this pleading with true and complete copies of any and all statements by any and all parties, witnesses, and persons with knowledge regarding the subject matter of this case.  If your claim is of "privilege," your response must still identify the date of the statement, the individuals providing and receiving the statement, and the reason you assert that the statement is privileged.  This includes oral and written statements.

Dated: 8|4|22

_____
**PETER J. DE FRANK, ESQ.**

DE FRANK LAW GROUP, LLC.
PETER DE FRANK, ESQ. – 035282007
50 Packanack Lake Road
Wayne, New Jersey 07470
Tel. (973) 696 – 1900
Fax. (973) 238 - 5123
pdefrank@defranklawgroup.com
ecourts@defranklawgroup.com
*Attorneys for Plaintiff*

| | |
|---|---|
| MICHAEL MAZURE, <br><br> *Plaintiff,* <br><br> v. <br><br> SAKO LTD., BERETTA U.S.A. CORP., REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., DICKS SPORTING GOODS, INC., JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), <br><br> *Defendant(s).* | UNITED STATES DISTRICT COURT <br> DISTRICT OF NEW JERSEY <br> NEWARK VICINAGE <br><br> Civil Action No.: 2:22-cv-02854 (WJM) <br><br> *Civil Action* <br><br> **NOTICE TO PRODUCE** |

## DEFINITIONS AND INSTRUCTIONS

1.      The term "plaintiff" or "plaintiffs" refers to each plaintiff in this action include a personal representative, the term "plaintiff" refers to the decedent represented.

2.      The term "documents" means all writings of any kind, including the originals, all copies, and all non-identical copies, whether different from the original by reason of any notation made on such copies, or otherwise, and includes, without limitation, agenda, announcements, photographs, audit sheets, agreements, accountant's worksheets, bids, bills, books, brochures, bulletins, contracts, communications, computer print-outs, correspondence, checks, charts, diaries, drafts, estimates, graphs, inter and intra-office communications, invoices, letters, memoranda, manuals, minutes or summaries of meeting, MAG cards, MTST tapes, floppy disks, notes, notations of telephone calls, offers, proposals, prospectuses, returns, resolutions, statements (including without limitation, checking accounts, savings accounts, certified and uncertified financial) sketches, schedules, studies, statistics, stenographic notes, summaries,

tabulations, tax returns (including without limitation federal, state and local tax returns, federal and state gift tax returns and federal and state estate tax returns), telephone call slips, telegrams, telexes, teletypes, worksheets, periodicals, drawings, accounting journals, purchase orders, inventory records or cards, traveling requisitions and bills of lading.

3.      The term "document" includes all drafts' alterations, modifications, changes and amendments of any of the items listed in Paragraph 2, and includes graphic or oral records or representations of any kind (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motions pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation tapes, cassettes, discs, recordings).

4.      The term "documents" refers to all items set forth in Paragraphs 2 and 3 above, known to or in the possession, custody of the recipient of this notice or subpoena, or any of its officers, directors, agents, attorneys, servants, employees or representatives, and every such documents which can be located or discovered by reasonably diligent efforts.

5.      The term "defendant" means any and all defendants in the within action.  Note, however, that in responding to the within request, plaintiffs should indicate to which of the specific plaintiffs the documents relate.

6.      This request is continuing request throughout the course of the litigation of the above-captioned matter.  Accordingly, if at any time information requested herein becomes known to defendants such information is to be forwarded to counsel for this plaintiff.

7.      Defendants are to respond separately, within thirty days, to each paragraph of this request.

## REQUESTS

1. Any and all statements made by any party to this lawsuit, their agents, representatives or employees, whether written or oral.  If you are claiming a privilege, please state so specifically.  Nonetheless, the existence of a statement, including the date taken must be provided.

2. Any and all statements made by any witnesses to the events described in any and all of the paragraphs of the cause of action.

3. Any and all statements made by any person other than witnesses or parties which relate or refer in any way to the cause of action.

4. Any and all written reports rendered by plaintiff (s) and defendant (s) proposed expert witnesses, including, but not limited to any medical expert witnesses intended or not intended to be called at the time of trial.

5. Any and all books, treaties, commentaries, reports, statutes, codes, ordinances, rules, regulations or other published documents referred to and utilized by or relied upon by any expert witness whom plaintiff(s) and defendants (s) intend(s) to call at trial.

6. Any and all blue prints, charts diagrams, drawings, graphs, maps, plats, plans, photographs, models or other visual reproductions of any object, place or thing prepared or utilized by, referred to or relied upon by any expert witnesses whom plaintiff(s) and defendant(s) intend(s) to call at time of trial.

7. Photostat copy of any photographs or surveys of the scene of the accident or of any objects or persons involved therein whether in the possession of the attorney, or in the possession of any representatives of the insurance carriers, taken on the date of the incident, within the three (3) months prior or subsequent to the incident, and taken in furtherance of an investigation of the incident.

8. A copy of any and all written report or summaries of oral reports, as well as copies of the curriculum vitae, of any and all experts that have been supplied to plaintiff's and defendant's attorneys, whose testimony will be offered at time of the Trial in the above captioned matter.

9. A copy of any and all emergency room records and bills, as well as other hospital medical records and bills regarding any medical treatment received by plaintiff(s) which is alleged to relate to any injuries sustained.

10. Police or other Municipal, County, State or Federal investigative reports.

11.  All liability experts' reports.

12.  Any documents obtained from any party or any of its agencies, branches or subdivisions.

13.  Copies of any statements obtained from any witnesses, any party, any party's investigators, agents, servants, or employees; if oral, a complete summary of same.

14.  Copies of any and all medical reports and bills from treating, consulting or examining physicians.

15.  Copies of any and all diagnostic tests, reports, summaries and bills.

16.  Copies of all interrogatories exchanged by the parties.

17.  Copies of all depositions conducted in the case.

18.  Copies of all Requests for Admissions and responses exchanged.

19.  Copies of any Demands to Produce and responses exchanged.

20.  Copies of all Court Orders.

21.  Copies of any scheduling notice in this matter.

22.  If amended pleadings have been filed, copies of all original pleadings.

23.  Any and all documents relating to any recalls of firearms manufactured or distributed by the defendants.

24.  Any and all documents relating to any recalls of ammunition manufactured or distributed by the defendants within the last ten (10) years.

25.  Any and all copies of videos relating to testing, manufacturing and/or design of the Tikka T3 Lite firearm and/or Remington Express Core-Lokt .270 Winchester caliber ammunition within the last ten (10) years.

26.  Copies of documents relating to specifications and/or tolerances relating to the Tikka T3 Lite firearm and/or Remington Express Core-Lokt .270 Winchester caliber ammunition within the last ten (10) years.

27.  Any and all documents relating to quality control checks and testing of the Tikka T3 Lite firearm and/or Remington Express Core-Lokt .270 Winchester caliber ammunition within the last ten (10) years.

28.   Copies of any and all documents relating to failure rates of firearms and/or ammunition manufactured or distributed by the defendants within the last ten (10) years.

29.   Copies of any and all complaints relating to the Tikka T3 Lite firearm and/or Remington Express Core-Lokt .270 Winchester caliber ammunition within the last ten (10) years.

30.   Copies of any and all documents relating to any compensation paid to owners of the Tikka T3 Lite firearm and/or Remington Express Core-Lokt .270 Winchester caliber ammunition due to failure or malfunction by the defendants within the last ten (10) years.

DE FRANK LAW GROUP, LLC

Peter J. De Frank

Date: 8/4/22