UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL MAZURE,<br><br>**Plaintiff,**<br><br>v.<br><br>REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, BERETTA U.S.A. CORP., SAKO, LTD., GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., GANDER RV, DICK'S SPORTING GOODS, INC., JOHN DOES 1-10, JANE DOES 1-10, AND ABC CORPS 1-10,<br><br>**Defendants.** | Civ. No. 2:22-cv-02854 (WJM)<br><br>OPINION |

In this product liability action, Defendant Dick's Sporting Goods, Inc. ("DSG") moves for partial dismissal of Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 17. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, DSG's motion to dismiss is **granted**.

### I. BACKGROUND

Plaintiff Michael Mazure ("Plaintiff") alleges that on or about November 2, 2019, he was properly using his Tikka T3 Lite firearm loaded with Remington Express Core-Lokt .270 Winchester caliber ammunition ("Ammunition") for target shooting when the firearm "suddenly, and without warning, exploded in Plaintiff's face/head" causing him serious and permanent injuries. Amended Compl., First Count, ¶ 3, ECF No. 14.

By Opinion and Order dated July 5, 2022, the Court granted DSG's first motion to dismiss due to Plaintiff's failure to comply with Fed. R. Civ. P. 8(a)(2), which requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." ECF No. 12. Thereafter, Plaintiff filed a 16-count Amended Complaint on August 4, 2022, containing four claims against DSG: 1) negligence/ vicarious liability (Count 13); 2) violations of the New Jersey Products Liability Act

1

("PLA"), N.J.S.A. 2A:58C-1, *et seq.* (Count 14); 3) negligence (Count 15); and 4) breach of express and implied warranties (Count 16). DSG filed a second motion to dismiss and now seeks dismissal of Counts 13, 15, and 16 of the Amended Complaint.

## II. DISCUSSION

### A. Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005). Dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.,* 542 F.3d 59, 64 (3d Cir. 2008). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, *see id.* at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). While "[t]he plausibility standard is not akin to a probability requirement' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### B. Negligence, Vicarious Liability, and Breach of Implied Warranty Claims

Defendant moves to dismiss Plaintiff's negligence, vicarious liability, and breach of implied warranty claims in Counts 13, 15, and 16 because those claims are subsumed by the PLA. Plaintiff does not oppose the dismissal of those claims.[1] Indeed, the PLA establishes the sole statutory cause of action "encompassing virtually all possible causes of action relating to harms caused by consumer and other products." *In re Lead Paint Litig.,* 191 N.J. 405, 436-37 (N.J. 2007); *see also Port Auth. of New York & New Jersey v. Arcadian Corp.,* 189 F.3d 305, 313 (3d Cir. 1999) ("negligence is no longer viable as a separate claim for harm caused by a defective product"). Because Plaintiff's common law negligence and breach of implied warranty claims are based solely on harm caused by the allegedly defective products, those claims are subsumed by the PLA and cannot survive as

---

[1] Although Plaintiff states that it does not oppose dismissal of its "strict" liability claims, *see* Pl. Letter Response at 2, there is no strict liability claim against DSG in Counts 13, 15, or 16.

a matter of law. Plaintiff's claims for negligence, vicarious liability, and breach of implied warranty in Counts 13, 15, and 16 are **dismissed with prejudice.**

### C. Breach of Express Warranty

As breach of express warranty claims are expressly preserved by the PLA, Defendant seeks dismissal of that claim on the grounds that Plaintiff has failed to plead all the requisite elements. Under New Jersey law, a cause of action for breach of express warranty requires Plaintiff to properly allege: (1) that DSG made an affirmation, promise or description about the product; (2) that this affirmation, promise or description became part of the basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description. *New Hope Pipe Liners, LLC v. Composites One, LCC,* 2009 WL 4282644, at *5 (D.N.J. Nov. 30, 2009). Here, the only contention regarding an express warranty breach is the conclusory assertion that DSG "produced, manufactured, created, and/or placed into the stream of commerce" the Ammunition "that carried express warranties of fitness for the particular purpose/merchantability..." Amended Compl., Count 16, ¶ 2. These statements are simply "bald assertions" that fail to identify any specific affirmations or promises by DSG. The Amended Complaint also contains no factual allegations showing that any express warranties were part of the basis of the bargain. Thus, the breach of express warranty claim cannot survive a motion to dismiss. *See Simmons v. Stryker Corp.,* 2008 WL 4936982, at *2 (D.N.J. Nov. 17, 2008) (dismissing without prejudice a claim was "devoid of any 'factual matter' to support the existence of an express warranty"); *Arlandson v. Hartz Mountain Corp.,* 792 F. Supp. 2d 691, 707 (D.N.J. 2011) (same); *Fishman v. Gen. Elec. Co.,* No. 12-CV-00585, 2013 WL 1845615, at *5 (D.N.J. Apr. 30, 2013) (this Court dismissing without prejudice for failure to identify in amended complaint any specific affirmations of fact or promises). Plaintiff's express warranty claim is **dismissed without prejudice.**

### III. CONCLUSION

For the reasons noted above, DSG's partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **granted**. Plaintiff's negligence, vicarious liability, and breach of implied warranty claims in Counts 13, 15, and 16 are **dismissed with prejudice.** Plaintiff's breach of express warranty claim in Count 16 is **dismissed without prejudice.**

/s/ *William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

Date: October 31, 2022