UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL MAZURE,** | |
| **Plaintiff,** | Civ. No. 2:22-cv-02854 (WJM) |
| **v.** | **OPINION** |
| **REMINGTON ARMS COMPANY, INC., REMINGTON OUTDOOR COMPANY, INC., VISTA OUTDOOR, ROUNDHILL GROUP, BERETTA U.S.A. CORP., SAKO, LTD., GANDER MOUNTAIN, INC., GANDER OUTDOORS, INC., GANDER RV, DICK'S SPORTING GOODS, INC., JOHN DOES 1-10, JANE DOES 1-10, AND ABC CORPS 1-10,** | |
| **Defendants.** | |

In this product liability action, Defendant Roundhill Group ("Roundhill") moves to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(6) for failure to state a claim upon which relief may be granted, and Rule 8 for insufficient pleading. ECF No. 21. Plaintiff has not filed any opposition to the present motion. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, Roundhill's motion to dismiss is **granted**.

## I.    BACKGROUND

Plaintiff Michael Mazure ("Plaintiff") alleges that on or about November 2, 2019, he was properly using his Tikka T3 Lite firearm loaded with Remington Express Core-Lokt .270 Winchester caliber ammunition ("Ammunition") for target shooting when the firearm "suddenly, and without warning, exploded in Plaintiff's face/head" causing him serious and permanent injuries. Amended Compl., First Count, ¶ 3, ECF No. 14.

Nearly a year after this incident, Roundhill purchased certain specified assets from the Remington Outdoor Company, Inc. ("Remington") pursuant to an Asset Purchase Agreement dated September 26, 2020. *See* Amy J. Blumental Cert. ("Blumenthal Cert."), Ex. A of Ex. 1, ECF No. 21-4. At the time of the sale, Remington was in bankruptcy

proceedings in the Northern District of Alabama, which currently remains pending. The sale was approved by the Bankruptcy Court by Order dated September 30, 2020. *See* Blumental Cert., Ex A.

In the 16-count Amended Complaint, Plaintiff alleges that "Remington Arms Company, Inc., Remington Outdoor Company, Inc., Vista Outdoor, Roundhill Group" are liable for: 1) negligence (Counts 5 and 7); 2) violations of the New Jersey Products Liability Act ("PLA"), N.J.S.A. 2A:58C-1, *et seq.* (Count 6); and 3) breach of express and implied warranties (Count 8). Roundhill moves for dismissal of all counts against it pursuant to Fed. R. Civ. P. Rule 12(b)(2) for lack of personal jurisdiction, Rule (b)(6) for failure to state a claim, and Rule 8 for failure to comply with pleading requirements. The Court agrees that there is neither general nor specific personal jurisdiction over Roundhill and thus does not reach the alternative grounds for dismissal.

## II.    MOTION TO DISMISS FOR LACK OF JURISDICTION

Once a defendant raises a jurisdictional defense under Fed.R.Civ.P. 12(b)(2), the plaintiff bears the burden of establishing sufficient facts showing that jurisdiction is proper over each defendant. *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007); *see Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992). A plaintiff may only satisfy this burden "through sworn affidavits or other competent evidence" – reliance on pleadings and allegations alone is insufficient. *Patterson v. Fed. Bureau of Investigation*, 893 F.2d 595, 603-04 (3d Cir. 1990) (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984) (noting Rule 12(b)(2) is "inherently a matter which requires resolution of factual issues outside the pleadings"). Where, as here, the Court has not held an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, "the plaintiff need only establish a prima facie case of personal jurisdiction and ... is entitled to have its factual allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004); *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).

A federal court may exercise personal jurisdiction over a defendant only to the extent permitted by the law of the forum state. Fed. R. Civ. P. 4(k)(1)(A). New Jersey's long-arm rule, N.J. Civil Practice Rule 4:4–4(c), applicable in this case, extends jurisdiction over non-residents "'to the uttermost limits permitted by the United States Constitution.'" *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 (3d Cir. 1990) (citing *Charles Gendler Co. v. Telecom Equity Corp.*, 102 N.J. 460, 469 (1986)). "The New Jersey Supreme Court has made it clear that New Jersey courts look to federal law for interpretation of the limits on in personam jurisdiction." *Mesalic*, 897 F.2d at 698, n.5. To establish personal jurisdiction, a "plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." *Provident Nat'l Bank v. California Fed. Sav. & Loan*

*Ass'n*, 819 F.2d 434, 437 (3d Cir.1987) (quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 416 (1984)).

A. <u>General Jurisdiction</u>

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Typically, a corporation is "at home" and subject to general jurisdiction in the place of incorporation and the principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Additionally, "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 139, n. 19.

Here, New Jersey is not Roundhill's state of incorporation or its principal place of business. Roundhill maintains that it is a Delaware limited liability company, which Plaintiff asserts has its principal place of business in Florida. Amended Compl., ¶ 4. Moreover, Plaintiff has not alleged that Roundhill engages in a substantial amount of business in New Jersey. Plaintiff has not provided any response, let alone any sworn affidavits or any evidence to show that Roundhill's operations in this forum are so substantial or "continuous and systematic" that it is "at home" in New Jersey. Even if Roundhill is licensed to do business in New Jersey, that fact alone does not constitute consent to jurisdiction. *See Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 175 (D.N.J. 2016) (finding "New Jersey statutory scheme does not permit jurisdiction by consent by virtue of registration to do business here or actually doing business here."); *McCourt v. A.O. Smith Water Prod. Co.*, No. 14-221, 2015 WL 4997403, at *4 (D.N.J. Aug. 20, 2015) ("The single fact that Defendant registered to do business in New Jersey is insufficient to conclude that it "consented" to jurisdiction here."); *but see Sadler v. Hallsmith SYSCO Food Servs.*, No. 08-4423, 2009 WL 1096309, at *1 (D.N.J. Apr. 21, 2009) (finding personal jurisdiction over defendant because it was registered to do business in New Jersey and had agent for service of process in New Jersey). In short, Plaintiff has neither plead nor established a prima facie case that Roundhill is subject to general personal jurisdiction in New Jersey.

B. <u>Specific Jurisdiction</u>

A finding of specific personal jurisdiction requires courts to examine whether: (1) the defendant purposefully directed its activities at the forum state or otherwise purposefully availed itself to the privileges of conducting activities within the state; (2) the plaintiff's claims arise out of or relate to one of those specific activities; and (3) the assertion of jurisdiction comports with notions of fair play and substantial justice. *See Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir.2007). The focus of whether specific

jurisdiction over a nonresident defendant exists is on "'the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284.

In this case, the Amended Complaint contains *no* allegations regarding any contacts or activities that Roundhill has with New Jersey apart from the contention that New Jersey is where Plaintiff resides and suffered an injury. However, "the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285. Rather, Plaintiff must allege that Roundhill's suit-related conduct formed a "substantial connection" with New Jersey, which he has failed to do. *See id.* Plaintiff has not met his burden to make a prima facie case that this Court has specific jurisdiction over Roundhill.

## III.   CONCLUSION

For the reasons noted above, Roundhill's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is **granted**.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

Date: November 3, 2022

4